## WILLIAM PARSONS, Respondent, v. THE TUOLUMNE CO. WATER COMPANY, Appellants.

Each branch of the judicial department has its functions assigned by the Constitution, and is beyond the control of either of the other departments of the Government.

The term "special cases" in the Constitution, does not include any class of cases for which the Courts of general jurisdiction have always supplied a remedy.

The "special cases" must be confined to such new cases as are the creation of statutes, and the proceedings under which are unknown to the general framework of Courts of common law and equity.

The action to prevent or abate nuisances is not one of this class.

An Act, therefore, conferring upon the County Courts jurisdiction in such actions, is unconstitutional and void.

APPEAL from the County Court, Tuolumne County.

This was an action brought for the recovery of damages to plaintiff's land, sustained by reason of the overflow of defendants' canal. Defendants moved to dismiss the cause for want of jurisdiction, the Court overruled the motion, and defendants assigned error.

*Halleck, Peachy, Billings & Park,* and *Baldwin & Clark,* for Appellants.

This action was to recover damages, and the judgment was for the recovery of damages alone, and it is not a case in which the County Court had jurisdiction. Comp. Stat., p. 745, § 44.

*Wolcott & McNeil,* for Respondent.

No brief on file.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C. J., concurred.

The Constitution permits the Legislature to confer on the County Court jurisdiction in "special cases," and it is now necessary to consider what was meant by the term special cases. If there is no limit to it, then, the Legislature is unrestrained from giving to that Court all the original powers of the other Courts. In Hudson *v.* Caulfield, and

in Reed's heirs *v.* McCormick, we examined this proposition, and came to the conclusion that each branch of the judicial department had its functions assigned by the Constitution, and was beyond the control of either of the other departments of the Government, as far as its powers and jurisdiction were concerned.

In consonance with the opinions in those cases, we think that the term "special cases" was not meant to include any class of cases for which the Courts of general jurisdiction had always supplied a remedy.

The "special cases," therefore, must be confined to such new cases as are the creation of statutes, and the proceedings under which are unknown to the general framework of Courts of Common Law and Equity. The action to prevent or abate nuisances is not one of these, and is amply provided for in the Courts of general jurisdiction. In conferring this power upon the County Courts, the Legislature exceeded its constitutional authority, and the portion of the Act which contains it is invalid.

The judgment of the County Court is reversed, and the cause dismissed.