## WILLIAMS v. WALTON.

Where the parties entered into a submission to arbitration, in which it was stipulated that the award be entered as the judgment of the County Court: *Held*, that it was void *in toto*, that Court having no jurisdiction over the subject-matter of the award.

The Court having no jurisdiction, the arbitrators could have none; nor could they have common law powers, when appointed in the mode provided by statute.

APPEAL from the Superior Court of the City of San Francisco.

A statement of facts necessary to understand the points decided, appears in the opinion of the Court.

*Gregory Yale* for Appellant.

The articles of submission between the parties, dated on the eleventh of July, 1856, require that the submission be entered as an order of the County Court of San Francisco County. The conclusion of the submission is this : " It is further stipulated, in this submission, that [the] submission be entered as an order of the County Court, of said County of San Francisco, and that the same be filed with the clerk of said Court."

This provision was based upon § 381 of the Practice Act, ch. 4, of title 10.

The section provides that, " it may be stipulated, in the submission, that it be entered as an order of the County Court, or of the District Court," etc.

The submission to arbitration, under this section, is a mode of instituting a suit, by consent of both parties, who select their Court mutually, and substitute a party for the Judge. The parties subject themselves to the Court. The clerk, by this section, enters the case in his registry of actions, makes a note of the submission, with the names of the parties, the names of the arbitrators, the date of the submission, and the time limited by the submission, if any, within which the award is to be so made, and, when so entered, the submission cannot be revoked, without the consent of both parties. The arbitrators are then under the power of the Court. They " may be compelled by the Court to make an award, and the award may be enforced in the same manner as a judgment." The parties, as well as the arbitrators, are then in the power of the Court.

The same principle prevailed in England, and a party could enforce an award by attachment, though he had obtained judgment in an action on the bond, or on the award, for he may think an attachment a more expeditious and effectual process than suing out execution on the judgment. Kyd on Awards, 315.

But this must be in a Court of competent jurisdiction. The County Court has no jurisdiction over the subject of awards. Awards do not belong to the class of special cases contemplated by the Constitution, which the Legislature may confer upon County Courts. These special cases, this Court says, in Parsons *v.* Tuolumne Water Company, 5 Cal., 43 : " must be confined to such new cases as are the creation of statutes, and the proceedings under which are unknown to the general framework of Courts of Common Law and Equity. The action to prevent or abate nuisances is not one of these, and is simply provided for in the Courts of general jurisdiction. In conferring this power upon the County Courts, the Legislature ex-

ceeded its constitutional authority, and the portion of the act which contains it is invalid."

The same principle was extended by this Court to the exclusion of jurisdiction over cases of mechanics' liens.    Brock et al. v. Bruce et al., 5 Cal., 279.    The Court says : " The mechanic is entitled to receive compensation for his labor and materials, and may enforce his rights by suit, in Courts of general jurisdiction."

The principle in these two cases was again affirmed by this Court, in Minnichite v. Ramirez, July T., 1857.

The whole subject of arbitation is an old one, well known to the common law, and belongs to Courts of general jurisdiction. The very section conferring jurisdiction on the County Courts, also confers it on District Courts, where it properly belongs.

The submission was, therefore, a nullity.    The proceeding was void, from its incipiency.    Both parties acted under the belief that the County Court had the jurisdiction.    It was a part of their contract.    The mutual mistake discharged both parties from all liability under the submission.    The acts of the arbitrators, under the submission, were void.    The award was not binding, on either party.

*Waller & Osborn* for Respondent.

The parties to the submission appeared, both in person and with counsel, before the abitrators, presented their claims, and were satisfied with the proceedings, until two weeks after the award was found and published, when the plaintiff gives notice that he will not be bound by it, files his mechanic's lien, and commences this action.

First, we say the plaintiff, notwithstanding the naked stipulation referred to, might enforce this award by suit in the District Court, had he chosen to do so, and this is his only remedy.

Admitting, as true, that a statute arbitration, under the three hundred and eighty-first section of our Practice Act, is a mode of instituting a suit, and of giving the prevailing party a summary method of enforcing an award, still, there is no suit until some action is had in the premises, by the Court designated, and the prevailing party may therefore choose another remedy, which will be as effectual.

Admitting that the County Court has no jurisdiction of the amount embraced in the award, and that this section (three hunhred and eighty-one) of the Practice Act does not designate any of the special cases of which the County Court has jurisdiction, so that this award may not be regarded as a good statutory arbitration, under the provisions of the Practice Act, it is yet a perfectly good common law arbitration.

This Court has held that our statute in relation to arbitrations is only affirmatory of the common law on this subject, and in-

Williams v. Walton.

tended to furnish a short and speedy means for judicial enforcement of an award.   See Richie v. Peachy, 4 Cal., 205.

This arbitration is, then, good, as a common law arbitration, for even if that part of the submission quoted above, and objected to, is bad, the rest of the submission, and the award under it, is good, for an award good in part and bad in part may be enforced for that which is good, when that part which is void is not so connected with the rest as to affect the justice of the case. See Martin v. Williams, 13 John., 264; Cox v. Jagger & Belknap, 2 Cow., 638.

And where, in an award partly bad, a separation can be made between that which is good and that which is bad, it should be made, if possible.   Buthe v. Mayor of New York, 1 Hill, 490.

Here the award is good, in every respect, if a good award can be made; yet, plaintiff undertakes to disregard it wholly, and set it aside, on the sole ground that the stipulation referred to, without which the submission is perfectly good, is void.

In a case much like this, where the submission contained a stipulation that neither party should appeal, this Court held that the award might be good, though this stipulation was void, for the reason that parties cannot deprive the Courts of jurisdiction.   See Muldron v. Norris, 2 Cal., 74; Cromwell v. Marsh, 1 Bruse, 270.

It is also well settled by this Court, that an award can only be set aside for fraud, mistake, or accident, and that it must be done by bill.   See case above quoted.   Richie v. Peachy, 4 Cal., 205; Muldron v. Norris, 2 Cal., 74.

This award was made, and duly published, a considerable time before he gave notice that he would not be bound by it, and this Court held, in Jarvis v. The Fountain Water Company, that an award rendered on a fair arbitration of the matter in dispute, and long considered, is conclusive of the rights of the parties.   5 Cal., 179.

An award is a bar to an action for the matters embraced therein.   11 John., 189; Caldwell on Arbitrations, 417.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., concurring.

This was an action for work and labor, and for materials furnished.   The defendant set up, in bar, a former submission of the same matters involved in this suit to arbitration, and the award of the arbitrators.   In the submission, it was stipulated that the same should be entered as an order of the County Court. The defendant had judgment in the Court below, and the plaintiff appealed.

The only question in the case is, whether the award was void. It is clear that the County Court had no jurisdiction, and could

render no judgment.    5 Cal., 43, 279 ; Minnichite v. Ramirez, July T., 1857.

The submission in this case was made under the provisions of the three hundred and eighty-first section of the code.    The submission, under the statute, is but one mode of instituting a suit; and, after the submission is filed with the clerk, and the proper entry is made by him, the submission becomes irrevocable, without the consent of both parties; and the arbitrators may be compelled by the Court, to make an award; and, when made, it may be enforced by the Court, in the same manner as a judgment.

It is well settled that an award may be good in part, and bad in part, or void *pro tanto* or *in toto ;* and may, therefore, be enforced, or not, accordingly.    (2 Cal., 79 ; 1 Hill, 495 ; 2 Cowen, 638 ; 13 John, 364.)    But if the parts be inseparable, the whole must stand or fall together.

It is insisted, by the counsel for the defendant, that although the County Court had no jurisdiction of the subject-matter, and no judgment could be rendered upon the award, it is still good as a common law arbitration, and can be enforced by suit in the District Court.

But we think this position is not correct.    The objection goes to the whole award ; and when parties expressly stipulate to submit their matters in controversy in a special statutory mode, we have no right to infer that they intended to be bound at all, unless the mode stated was substantially pursued.    A common law submission is a very different thing from a submission under our statute.    In the latter case the proceeding is in Court, the arbitrators are under its control, and the remedies of the parties much more simple, direct, and efficient.    We cannot undertake to decide that the parties in this case would ever have agreed to a common law submission.    They evidently intended a proceeding in Court, where each party could avail himself of all the remedies allowed by the statute.    As they both intended the proceedings to be under the control of the Court, and as they were both equally mistaken as to its want of jurisdiction, the submission was wholly void.    The arbitrators under this statutory submission constitute a part of the Court; and if the Court itself has no jurisdiction, the arbitrators can have none; nor can they have common law powers, when appointed in the mode provided for by the statute.

For these reasons, the judgment of the Court below is reversed, a new trial ordered, and the cause remanded, for further proceedings.