[No. 7,746.—Department One.]

## DAVID BIXLER'S APPEAL.

JURISDICTION OF THE SUPREME COURT—SPECIAL CASES AND PROCEEDINGS— APPEAL—SWAMP LAND PROCEEDINGS.—This Court has no appellate jurisdiction of special cases and proceedings.

*Held*, accordingly, that an appeal would not lie from a judgment of the Superior Court upon an appeal from an order of the Board of Supervisors in a swamp land proceeding.

ID.—ID.—DEFINITION.—Special cases and proceedings are new cases the creation of statutes, and the proceedings under which are unknown to the general frame-work of Courts of law and equity; and they do not include any class of cases for which Courts of general jurisdiction have always supplied a remedy.

ID.—ID.—APPEAL—SWAMP LAND—PROCEEDINGS—CASE EXPLAINED.—In the case of *Spencer Creek Water Company* v. *Vallejo*, 48 Cal. 73, the Court seems to have construed the decision in *Houghton's Case*, 42 Cal. 35, as

resting upon the ground that the statute construed in that case declared that the judgment of the County Court should be final.

ID.—ID.—ID.—"FINAL"—DEFINITION.—The provision in the Act of April 16, 1880, "providing for appeals from orders forming reclamation or swamp land districts," etc., that "the judgment of the Superior Court shall be final," and the provision in the Act construed in *Houghton's Case*, that the judgment of the County Court shall be "final and conclusive," are equivalent, and can mean nothing except that the judgment shall be followed by no other proceedings determinative of the rights of the parties in the same or any other Court. The present case, therefore, comes clearly within the rule laid down in *Houghton's Appeal*, even if limited, as it is apparently sought to be limited in *Spencer Creek Water Co.* v. *Vallejo*.

ID.—ID.—FINAL JUDGMENT.—The order and judgment of the Superior Court dismissing the appeal from the Board of Supervisors is a final judgment.

APPEAL from an order dismissing an appeal from an order of the Board of Supervisors in a reclamation proceeding, and from the judgment entered upon said order of dismissal in the Superior Court of Sacramento County. BROWN, J.

The appellant appealed to the Superior Court from an order of the Board of Supervisors of Sacramento County approving a petition of Eliza Parvin and others for the formation of a reclamation district. The Court below dismissed the appeal upon the ground that the Act providing for such appeals was intended to give appellate and not original jurisdiction to the Superior Court; and was therefore in conflict with the Constitution, and void.

*Thomas H. Williams* and *George W. Gordon*, for Appellant.

In answer to the first ground, we reply that we do not rest the jurisdiction of the Superior Court upon the appellate power conferred upon it by the Constitution.

We claim that the Superior Court, in hearing and determining this case, was in the exercise of its original jurisdiction, and that the "appeal," so called, is merely a mode adopted by the Legislature of transferring the case to the Superior Court, which then takes it and tries and determines it as though it were originally commenced therein. (*Ricks* v. *Reed*, 19 Cal. 572–574; *Ryan* v. *Tomlinson*, 31 Id. 15, 16; *United States* v. *Ritchie*, 17 How. (U. S.) 533; *Grisar* v. *McDowell*, 6 Wall. (U. S.) 375; *Eden* v. *Bute*, 1 Brown's Cases in

Parliament, 465, 467; *County of St. Louis* v. *Sparks*, 11 Mo. 202–204; *Lacy* v. *Williams*, 27 Id. 280; *Plummer* v. *Waterville*, 32 Me. 566; *Hendricks* v. *Johnson*, 6 Porter (Ala.), 472; *Beeler* v. *Hantsch*, 5 Blackf. 594; *Malone* v. *Hardesty*, 1 Carter, (Ind.) 80; *Taylor* v. *Lucas*, 8 Blackf. 289; *McPherson* v. *Leathers*, 29 Ind. 65; *Brown* v. *McCord*, 20 Id. 270; *Rector* v. *Clark*, 78 N. Y. 25–27.)

Our Supreme Court has often construed inapt terms like these, notwithstanding the misnomer or contradiction, finding no difficulty in giving effect to the manifest intention of the law. (*Fontaine* v. *S. P. R. Co.*, 54 Cal. 653; *Maurer* v. *Mitchell*, 53 id. 292, 293; *Calaveras County* v. *Brockway*, 30 id. 343; *Anderson* v. *Fisk*, 36 id. 636; *Matter of Estate of Busse*, 35 id. 314; *Sherman* v. *Buick*, 32 id. 250–255; *Ex Parte Ellis*, 11 id. 224; *Knowles* v. *Yeates*, 31 id. 86, 87; *People* v. *Hagar*, 52 id. 185; *Palache* v. *Pacific Insurance Company*, 42 id. 430.)

Jurisdiction of the Superior Court is claimed under the provision of the Constitution, Section 5, Article vi, because the right of possession of real property is involved. (*Little* v. *Denn*, 34 N. Y. 452; *Alleman* v. *Dey*, 49 Barb. 641; *Hinds* v. *Page*, 6 Abb. (N. S.) 58; *Heath* v. *Barmour*, 53 Barb. 444; *O'Donnell* v. *Brown*, 3 Lans. 474; *Cullen* v. *Langridge*, 17 Cal. 69; *Doherty* v. *Thayer*, 31 id. 140.)

The new Constitution has vested in the Superior Court all jurisdiction which, by the old Constitution, was vested in the District and County Courts.

The Act of April 16, 1880, in making the judgment of the Superior Court final, does not preclude an appeal to this Court. (*People* v. *Rosborough*, 29 Cal. 417.)

Whenever it has been the intention of the Legislature to restrict the right of appeal, the law declares the judgment or order final and conclusive. (*Appeal of Houghton*, 42 Cal. 55; *People* v. *Betts*, 55 N. Y. 601; *Larrabee* v. *Selby*, 52 Cal. 508.)

But, however this may be, the contingency upon which the judgment was to be final has never occurred. There has been no trial *de novo* in the Superior Court. In the sense of the statute, this judgment becomes final only where there has been a hearing and an adjudication thereon—not where the Court has refused to hear or determine the proceeding.

*J. W. Armstrong, A. P. Catlin,* and *J. H. McKune,* for the
Respondent.

The Act allowing the appeal is unconstitutional, and all
proceedings under it are void. (State Constitution, Art. vi,
§§ 1, 5, Art. ii, § 5; *Caulfield* v. *Hudson,* 3 Cal. 389; *Reed*
v. *McCormick,* 4 id. 342; *Townsend* v. *Brooks,* 5 id. 52; *Sander*
v. *Coe,* id. 230; *Dickey* v. *Hurlburt,* id. 343; *Burgoyne* v. *Su-
pervisors,* id. 9; *People* v. *Nevada,* 6 id. 143; *Phelan* v. *County
of San Francisco,* id. 531; *People* v. *Fowler,* 9 id. 86; *Borland*
v. *Hildreth,* 26 id. 162; *Appeal of Houghton,* 42 id. 35; *Spen-
cer Creek Water Company* v. *Vallejo,* 48 id. 72; *Reed* v. *Omni-
bus R. R. Co.,* 33 id. 219; *Lathrop* v. *Mills,* 19 id. 514; *Pioche*
v. *Paul,* 22 id. 105; *Anderson* v. *Fiske,* 36 id. 632.)

The subject expressed in the title of that Act is to provide
an appeal, and if any other subject is sought to be covered
by the Act, or provided for in it, it is not expressed in the
title, and is therefore unconstitutional.

But the Act provides for nothing else than an appeal.
There is but one section in it. It provides that any person
having an interest may appeal to the Superior Court of the
County.

Thus it appears that the legislative intent was to give ap-
pellate, not original, jurisdiction to the Superior Courts in
such cases. This being so, the whole Act must fall. (*Lathrop*
v. *Mills,* 19 Cal. 530.

The COURT:

1. In view of the conclusion we have reached, it may be
admitted (while we expressly decline so to decide) that the
act, entitled "An Act providing for appeals from orders form-
ing reclamation or swamp land districts, setting off lands
from such districts, or consolidating districts," is not an act
providing for appeals to the Superior Court, but is an act
providing for original proceedings, in that Court, for the
formation of reclamation or swamp land districts, setting off
lands from such districts and consolidating districts: Further,
construing the object of the act to be to provide for original
and not appellate proceedings, it may be admitted (while we
decline so to decide) that the title, which states the object of

the act to be to provide for *appeals*, correctly expresses the object found, by construction, in the body of the act *not* to be to provide for appeals. (Act of April 16, 1880, "providing for appeals," etc.; Stats. 1880; Const., Art. iv, § 24.)

2. It may also be admitted (we expressly decline so to decide) that a proceeding to form a reclamation or swamp land district, or to set off lands from such district, or to consolidate districts, is a "special case or proceeding," *judicial* in its nature, of which the Superior Court has jurisdiction—the the case or proceeding not being "otherwise provided for." (Const., Art. vi, § 5.)

3. It may further be admitted—although the act above referred to declares that the judgment of the Superior Court shall be "final"—that an appeal lies to this Court, if the *Constitution* confers upon this Court jurisdiction to entertain such appeal.

4. This Court has no jurisdiction of such appeal. (Const., Art. vi, § 4; *Appeal of S. O. Houghton*, 42 Cal. 35.) To what is said in the *Appeal of S. O. Houghton* we may add: It is clear that "special cases or proceedings" are not included in the "cases at law," in which this Court is given appellate jurisdiction by the fourth section of Article vi of the Constitution, because, in the fifth section of the same article "special cases and proceedings" are spoken of as constituting a separate and distinct class from such "cases at law."

In Section 4 of Article vi of the Constitution—the Section which enumerates the classes of cases in which the Supreme Court has appellate jurisdiction—are mentioned all the classes of civil cases in which the Superior Court is given original jurisdiction (by the fifth Section of the same Article), except "actions of divorce and annulment of marriage," and "special cases and proceedings," and except, also, that the appellate jurisdiction of the Supreme Court is declared to extend to "probate matters" only where an appeal is provided by law. Unless actions of divorce, or for annulment of marriage, or special cases and proceedings are included within some other class of those enumerated, it would seem very clear that it was not the intention of the Constitution to confer upon the Supreme Court appellate jurisdiction in actions of divorce, or for annulment of marriage, or in special cases and proceed-

ings.   If, indeed, we could clearly see that actions for divorce were included within one of the classes previously mentioned, or that " special cases" were so included, we might hold that the class thus included, would be appealable, notwithstanding it was specifically and separately mentioned in the section of the Constitution which treats of the Superior Courts; that it was specifically and separately mentioned *ex abundanti cautela*, and only lest it might otherwise be supposed *not* to be included in the classification which precedes it.   Whatever bearing this suggestion may have upon the question whether, under our systems of laws, suits for divorce or an " annulment of marriage" can be entertained by courts of *equity*, to be resorted to by a party to a civil contract (marriage) as a means of relieving him or herself of its obligations, it has no force when applied to "special cases and proceedings." These are neither cases in equity, nor cases at law involving the validity of a tax, etc.   Nearly thirty years prior to the adoption of the Constitution of 1879, they had been defined by the Supreme Court of the State as something entirely different—" new cases the creation of statutes, and the proceedings under which are unknown to the general framework of courts of law and equity"—as not including any class of cases for which courts of general jurisdiction had always supplied a remedy.   (*Parsons* v. *Tuolumne Water Co.*, 5 Cal. 43.   See, also, *Saunders* v. *Haynes*, 13 id. 145; *Dorsey* v. *Barry*, 24 id. 449; *Jacks* v. *Day*, 15 id. 91.)   It was in the sense in which these words had long been construed that they must be supposed to have been employed by the framers of the last Constitution.

5. It has been suggested that the views of the Supreme Court, as expressed in the opinions of Justices Crockett, Wallace, and Temple in *Appeal of S. O. Houghton*, were subsequently modified in *De Witt* v. *Duncan*, 46 Cal. 345, and *Spencer Creek Water Company* v. *Vallejo*, 48 id. 73.   But *De Witt* v. *Duncan* was a bill in equity, by which the plaintiff sought to have a covenant executed by the tenants in common in a block of land, to lay out a street through the block on a line supposed to be the middle of the block (but which was not in fact in the middle) enforced by a decree adjudging that the street be declared to be in the middle of the

block.   A decree to that effect was entered in the District
Court, and was, of course, appealable.   In *Spencer Creek
Water Company* v. *Vallejo*, proceedings had been commenced
and conducted before the County *Judge* for the condemna-
tion of the waters of the creek, and a final order of condem-
nation made by that officer.   On appeal from this order the
Supreme Court held that the County Judge (as distinguished
from the County *Court*) had no jurisdiction of the special
proceedings.   The Supreme Court *did* entertain the appeal,
and in the opinion would seem to have construed the decision
in the *Appeal of Houghton* as a determination that the Su-
preme Court had no appellate jurisdiction of the proceedings
there sought to be reviewed, "because the statute had de-
clared that the judgment of the County Court should be final
—in other words, because no appeal had been provided."   (Id.
72.)   It would not have been necessary, in the present case,
to express an opinion upon the question whether the decision
in the *Appeal of Houghton* was properly interpreted in *Spen-
cer Creek Water Company* v. *Vallejo*.   Assuming (but not
admitting) that the decision in the first case was properly
construed in the second, the decision in the *Appeal of Hough-
ton*, at least as construed in *Spencer Creek Water Company*
v. *Vallejo*, has never been overruled.

As the act considered in *Houghton's Appeal* declared that
the judgment of the County Court should be final, so the act
of April 16, 1880, declares that the judgment of the Superior
Court shall be final.   No additional force would be given to
the finality of the judgment by the words "and conclusive."
Those words are not mentioned in the opinion in the Spencer
Creek case—so unimportant were they considered.

A judgment is sometimes said to be final to distinguish it
from an interlocutory order or judgment in the same court.
A judgment is also a final judgment which is a final de-
termination, shutting off or concluding any further proceed-
ings in the cause, by an appeal or otherwise.   It was in the
latter sense that the word "final" was used in the statute
construed in *Houghton's Appeal*.   It is in the same sense that
the word is used in the statute now before us.

The special proceedings are prescribed in the Acts relating
to swamp land districts, and if the statute of April 16, 1880,

is valid, the modes provided by those Acts are to be pursued in the Superior Court, where the matters are there "tried anew." Such proceedings culminate in an order or judgment by the Supervisors forming a district, or setting off lands from a district, or consolidating districts, which order or "judgment" of the Board was, until the passage of the Act of April 16th, final and unappealable. If the members of the Board exceeded their powers, so far as they might be held to be judicial, their action might be annulled by *certiorari;* but there was no appeal. When the matter determined by the Board is "tried anew" in the Superior Court, the judgment of that Court is not put by the language of the statute in opposition to any previous decretal order or interlocutory decree in the same proceeding. But one judgment is spoken of, and in the sentence in which the word "final" is used it can mean nothing, except that the judgment shall be followed by no other proceedings determinative of the rights of the parties in the same or any other Court.

The present case comes clearly within the rule laid down in *Houghton's Appeal,* even if that rule be limited, as it is apparently sought to be limited in *Spencer Creek Water Co.* v. *Vallejo.*

6. The "order and judgment" of the Superior Court dismissing the appeal from the Board of Supervisors is a final judgment.

If it be urged that it is not *the* judgment which alone is prescribed by the statute, it is, nevertheless, a judgment in the special proceedings, from which no appeal is provided.

Appeal dismissed.