[L. A. No. 10398. In Bank.—March 17, 1931.]

BARKER BROS., INCORPORATED (a Corporation), Respondent, v. MANNETTE S. COATES et al., Appellants; and Consolidated Cases.

Courtney A. Teel for Appellants.

Culver & Nourse, Richard J. O. Culver, W. Claire Anspach, and Charles Murstein for Respondents.

PRESTON, J.—The questions raised on appeal are technical and without substantial merit. Certain causes of action were consolidated and tried together, these being claims for building materials and labor furnished and used in the construction of a five-unit bungalow on the property of the defendants Coates. The prayer was for judgment against the contractor and for the fixation of a lien upon the property of the owners for the several items found due: Issues were made up; the contractor defaulted and, as to certain of the plaintiffs, judgment was given impressing a lien upon the property, from which the defendants Coates alone have appealed.

When the case came up for trial, the court of its own motion, and over the objection of appellants, referred it to one Robert E. Abbott, an attorney at law, as a referee. The language of the order is not in the record. The bill of exceptions recites, however, that the "court, upon its own motion, announced that a reference would be made to try any and all issues of fact and law arising under the issues made by the pleadings herein . . . ". The referee heard the evidence at length and reported the same to the

court. The court conducted a hearing thereon, approved the findings of the referee and amplified them by findings of fact and conclusions of law of his own. Although not expressly stated, apparently all the evidence taken by the referee was before the court and he may have heard additional evidence.

■ If said order of reference was properly made, the findings of the referee on the whole issue stand as the findings of the court and the entry of judgment in such case becomes merely a clerical duty (section 644, Code Civ. Proc.). It is plain, therefore, that the court in that case practically abdicates its position under the law in favor of a third person and this should not be attempted without the full consent of the parties. ■ But the record in this case shows that an examination of a "long account" was necessary; hence an order of reference by the court was warranted under the provision of section 639, subdivision 1, of the Code of Civil Procedure, which authorizes a reference "When the trial of an issue of fact requires the examination of a long account on either side; in which case the referees may be directed to hear and decide the whole issue or report upon any specific question of fact involved therein". The decision of the "whole issue" meant here is the whole issue involved in the accounting. (*Fredendall* v. *Shrader*, 45 Cal. App. 719 [188 Pac. 580]; *Williams* v. *Benton*, 24 Cal. 424; 22 Cal. Jur. 693.)

The case is then reduced to this query: Why is not the order of reference good *pro tanto* to the extent allowed by the last-mentioned code provision? The court below evidently treated it as having no more than that effect, approved the report of the referee in full and proceeded to amplify his findings by findings of its own covering the issues respecting the rights of the parties.

■ The evidence in full has not been embodied in the bill of exceptions but there is a concession found therein to the effect that plaintiffs "made *prima facie* proof of the matters and things alleged and set forth in the various complaints composing this consolidated action". We are therefore brought to the conclusion that under the situation presented to us here, the appellants have suffered no injury by the broad terms of the order of reference made for in effect the court did just what appellants intended

that it should do—it heard and determined the cause. Under this construction the findings of the referee did not determine the whole case and the court could make its own findings and conclusions. (*Clark* v. *Millsap,* 197 Cal. 765, 784 [242 Pac. 918]; *Faulkner* v. *Hendy,* 103 Cal. 15, 20 [36 Pac. 1021]; *National Brass Wks.* v. *Weeks,* 92 Cal. App. 318 [268 Pac. 412].)

█ Moreover, viewing the record as a whole, it is apparent that appellants have based practically their entire appeal upon the contention that it appears without contradiction that they demanded of the several materialmen and laborers that they furnish the owners with a statement in writing of all material supplied for and labor performed upon the structure and in compliance therewith said parties rendered such statements promptly but failed to verify them as required by section 1184 of the Code of Civil Procedure. But appellants' requests bore no special reference to that section nor did they ask for a verification of the statements; further, upon getting the desired information, appellants made no objection thereto upon the ground that the statements were not verified or upon any other ground. Under this state of facts it must be held that the provisions of the statute were waived.

No further questions require discussion.

The judgment is affirmed.

Shenk, J., Richards, J., Seawell, J., Langdon, J., Curtis, J., and Waste, C. J., concurred.