[Civ. No. 4244. Third Appellate District.—March 30, 1931.]

PATTEN & DAVIES LUMBER COMPANY (a Corporation), Respondent, v. H. N. HAYDEN et al., Defendants; E. W. BEITZEL, Appellant.

Ray Meacham for Appellant.

Dana R. Weller for Respondent.

MR. JUSTICE THOMPSON (R. L.) DELIVERED THE OPINION OF THE COURT.—This is an appeal from a judgment foreclosing a mechanic's lien.

The appellant owned a portion of lot 5, tract 5367, in the city of San Gabriel. H. N. Hayden was awarded a contract to construct a dwelling-house on this lot. Between the dates of October 23 and November 20, 1923, at the request of the contractor the plaintiff furnished lumber and materials which were used in the construction of the building of the reasonable value of $1097.43, no part of which was paid except the sum of $41.14. A sworn claim for lien for the unpaid balance was duly filed and recorded Febru-

ary 11, 1924. March 3, 1924, the owner served upon the plaintiff a written demand for a statement of materials furnished pursuant to section 1184 of the Code of Civil Procedure. On the last-named date an itemized statement was served upon the owner complying in every detail with the provisions of the statute, except that the statement was not verified. In this unverified statement reference was made to the sworn claim of lien which was duly recorded.

The appellant claims that the respondent's lien was forfeited for failure to verify the statement of materials furnished. Section 1184 of the Code of Civil Procedure provides that a materialman "who shall on the written demand of the owner refuse to give such notice shall thereby deprive himself of the right to claim a lien". It is also provided in that section that the statement "must be verified by the claimant". The same section, however, further provides that "no such notice shall be invalid by reason of any defect in form, provided it is sufficient to inform the owner of the substantial matters herein provided for".

The omission on the part of the claimant to verify the statement of materials furnished is a mere defect in form which does not necessarily forfeit the right of lien in the absence of notice of the defect or demand for such verification. (*Barker Bros. Inc.* v. *Coates*, 211 Cal. 756 [297 Pac. 8].) The purpose of this part of the statute is to furnish the owner with a detailed statement of the items of labor or materials furnished, the person to whom they were supplied and the value thereof. The penalty of forfeiture of the lien is for a *refusal* to furnish such information. A mere defect of form does not work a forfeiture of lien. In the present case the owner was furnished a complete and accurate statement of everything required by the statute. It was evidently a mere inadvertence and defect that caused the omission of the verification. The prompt furnishing of this statement refutes the theory that the claimant refused to comply with the statute. The claimant received no notice of defect or omission of the verification. The right of lien was therefore not lost on account of the mere absence of the verification.

The appellant further contends that the findings to the effect that the materials in question were furnished to be used in the construction of the building are not sup-

ported by the evidence. There is no merit in this contention. It is true that the claimant must prove not only that the materials were actually used in the structure in question but also that they were furnished to be used for the particular building. (17 Cal. Jur. 38, sec. 22.) In the present case the appellant in his opening brief merely makes the point that ''there is no evidence that said materials . . . were furnished by respondent to be used in the construction of said building''. He does not direct our attention to any evidence in the record on this subject. In his closing brief he seems to have abandoned this contention, for the subject is not there mentioned. In an examination of the entire record we are unable to find any reference to this contention. There is evidence of a controversy over the question of plaintiff's actual delivery of the materials on the job. This last-mentioned question is concluded by the testimony of the contractor Hayden, as follows: ''Q. All the materials that were included in this estimate . . . were used in the construction of the building? A. They were. Q. And the sum of $1,056.29, is that the correct amount which the materials and extras which were furnished and used in the building? A. Yes, sir. . . . Q. Were you on the building during the course of construction? A. I was, yes sir. Q. Did you see this material that was ordered from Patten Davies Lumber Company on the job? A. Yes. Q. And see it go into the construction of the building? A. I did.'' Moreover, when the question of the account was under discussion at the trial no question was raised as to the furnishing of the materials for the particular structure. There is no evidence of any other building which was being constructed. The stipulation of counsel for appellant implies that he waived the question which is now insisted upon. He said, ''I told counsel I would stipulate to anything that I know or my client knows and would not ask him to prove it. Now if my client knows that the Patten Davies Lumber Company delivered some lumber out there we will stipulate to it.'' Mr. Patten testified to the manner in which the plaintiff's accounts were kept and filled for lumber which was ordered from the firm. He said that in filling the order for lumber or materials for a particular job a loading ticket was first made out in the office and delivered to the salesman in the yard ''who loads the various kinds of materials for

that particular job, after which he goes into the office and these various items are invoiced for that particular job and checked against the estimate''. This is exactly what was done with respect to the order for materials in the present case. This is followed by Mr. Hayden's testimony that the materials were actually delivered on the premises of appellant and used in the identical structure in question. In the absence of evidence to the contrary this is sufficient to support the findings ''that all of said materials were furnished to be used and were actually used in the construction of said building''.

The judgment is affirmed.