[Civ. No. 5781.   Third Appellate District.—April 12, 1937.]

CLARENCE S. BOGGS et al., Appellants, v. NORTH AMERICAN BOND AND MORTGAGE COMPANY (a Corporation) et al., Respondents.

Golden & Kaufman for Appellants.

James C. Ingebretsen for Respondents.

PULLEN, P. J.—Appellants were on the 28th day of June, 1935, the owners of a certain lot in the city of Los Angeles,

improved with an apartment house consisting of 29 apartments and three stores. This property was subject to a deed of trust securing a note for $55,000 wherein the Guaranty Building and Loan Association was beneficiary. This note and deed of trust had, prior to the commencement of this action, been assigned to California Mutual Building and Loan Association, now in the course of liquidation by the Building and Loan Commissioner.

On March 22, 1935, the Building and Loan Commissioner recorded notice of default. Thereafter on June 28, 1935, appellants filed a petition under the provisions of the Mortgage and Trust Deed Moratorium Act of 1935 (Stats. 1935, p. 1208) setting up the foregoing facts, and alleging further that all taxes and insurance had been paid except the second instalment of taxes for 1930, for the payment of which appellant had arranged for payment in instalments as provided by law. Notice of the filing of this petition was given as required by the provisions of the act. No answer or other pleading was ever filed by any of the respondents herein. At the hearing no witnesses were sworn nor any testimony produced except two affidavits offered by appellants, which placed the value of the property at approximately $55,000 and two counter-affidavits offered by respondents which placed the value of the property at approximately $38,000. Appellants asked permission to file additional affidavits, upon what issues we are not informed, but the request was refused. Thereupon the court denied and dismissed this petition.

From this order appellants have appealed, and as grounds for reversal contend the court erred in denying their petition, claiming that the order of the court is not supported by the evidence, and that the court erred in not filing findings of fact and conclusions of law.

Sections 5 and 6 of the Moratorium Act provide in effect that upon the hearing, the court may make its order if it finds equitable grounds for relief, directing that the sale shall not be held until after such date as the court may consider just, but in no event beyond February 1, 1937, or the court may dismiss the proceeding. It is also therein provided that if the court orders the sale postponed it shall determine the reasonable value of the income from the property, or its rental value, and shall require the trustor or mortgagor to pay all or a reasonable part of such income or rental toward the

payment of taxes, insurance, interest or principal at such times as may be determined to be equitable under the circumstances. The court also must make provisions requiring maintenance and repair by the trustor or mortgagor. There is, however, no provision in the act which provides that the petition itself shall be deemed to constitute evidence of the facts or matters therein contained, nor in fact is it required that the petition be verified.

Section 2009 of the Code of Civil Procedure provides in what instances an affidavit may be used to establish a fact in controversy, but this section does not make the use of affidavits applicable to the situation here before us. ██ Inasmuch as the act places upon the court the power to make an order postponing a foreclosure sale only when, after a hearing, it finds equitable grounds for such relief, the burden of establishing the right of such relief obviously rests upon the petitioners under the familiar principle that he who has the affirmative of an issue has the burden of proof.

██ It is the contention of appellants that respondents, having failed to deny the allegations of their petition, such fact must be construed as an admission of the allegations therein contained, and under the provisions of section 462 of the Code of Civil Procedure appellants claim that because of the failure of respondents to controvert or deny the petition, the material allegations therein must be accepted as true. However, this action being a special proceeding rather than a civil action, the provisions of the codes applicable to civil actions are not here in point. It was required of the court, under section 5 of the act, as a condition to granting the petition for relief, to first ascertain the reasonable value of the income from the property, and by the next section to order petitioners to pay an amount at least sufficient to care for the current taxes, delinquent taxes and insurance premiums. No evidence was introduced to establish what amount would be necessary to pay these items nor was any evidence offered to prove the reasonable value of the income from the property. In fact, the petition itself fails to state the amount of the insurance premiums, the current taxes and taxes delinquent except in general or approximate amounts.

██ · It is also the contention of appellants that the court erred in failing to order findings, and in support thereof rely upon the provisions of section 632 of the Code of Civil Pro-

cedure, which, however, merely holds that upon the trial of a question of fact in a civil action findings are necessary. Section 22 of the Code of Civil Procedure defines an action as follows: "An action is an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong or the punishment of a public offense." Section 23 provides that every other remedy is a special procedure. The term "special procedure" is not generally defined by statute, but as pointed out in Bancroft's Code Practice and Remedies, volume 1, page 141, the term does not have a well-established meaning and includes all civil remedies in courts of justice which are not ordinary actions, or in other words, any proceeding in a court which was not under the common law and equity practice, either an action at law or a suit in chancery. Special proceedings being of statutory origin, do not proceed according to the course of the common law but give new rights and afford new remedies. (*Yuba County* v. *North America etc. Min. Co.,* 12 Cal. App. 223 [107 Pac. 139].)

That a proceeding under the Mortgage Moratorium Act (*supra*), is a special proceeding was determined in the case of *Boggs* v. *North American Bond & Mortgage Co. et al.,* 6 Cal. (2d) 523 [58 Pac. (2d) 918], wherein the court said: "Although under section 5 of the Moratorium Act the determination of the court upon a petition for postponement of sale was denominated an 'order' it is nevertheless a final judgment in a special proceeding within the meaning of Subdivision I of Section 963 of the Code of Civil Procedure." Section 632 of the Code of Civil Procedure has been held to apply only where the trial has been had in a civil action and is not applicable to a special proceeding. (*Lyons* v. *Marcher,* 119 Cal. 382 [51 Pac. 559], and cases cited in 24 Cal. Jur., p. 931.)

It was not error therefore for the trial court to fail to make or file findings of fact, because findings are not specifically required by the act, and because proceedings under the Moratorium Act (*supra*) are special in nature and not subject to the provision of the Code of Civil Procedure relating to the trial of civil actions, except where such provisions are especially made applicable, and furthermore, the court did not err in denying the petition for relief, because petitioners

failed to introduce any evidence from which the court was bound to grant the relief prayed for.

For these reasons the order appealed from must be affirmed, and it is so ordered.

Thompson, J., and Plummer, J., concurred.