[Civ. No. 2079.   Fourth Appellate District.—August 10, 1938.]

ANNA L. HARTMAN, Petitioner and Respondent, v. BANK
   OF AMERICA OF CALIFORNIA (a Corporation)
   et al., Respondents; BANK OF AMERICA NATIONAL
   TRUST AND SAVINGS ASSOCIATION (a National
   Banking Association), Appellant.

Louis Ferrari, Edmund Nelson and Hugo A. Steinmeyer
for Appellant.

Hugh S. MacKinnon for Petitioner and Respondent.

BARNARD, P. J.—This is an appeal from an order extending a previous order postponing a sale under a deed of trust.

The Bank of America National Trust and Savings Association held a trust deed on certain real property and on October 21, 1935, caused a notice of default to be recorded. On November 12, 1935, Anna L. Hartman, the owner of the property and payer of the note secured by the trust deed, filed a petition under the Mortgage and Trust Deed Moratorium Act of 1935. (Stats. 1935, chap. 348.) A hearing was had on December 20, 1935, at which evidence was taken, and on January 7, 1936, the court made an order postponing the sale under this deed of trust until February 1, 1937, on certain terms and conditions. Thereafter the sale was postponed on substantially the same terms and conditions to July 1, 1937. On June 28, 1937, Anna L. Hartman filed a supplemental petition for a further postponement of the sale under the provisions of the Mortgage and Trust Deed Moratorium Act of 1937. (Stats. 1937, chap. 167.) A hearing was had on July 30, 1937, and the court made and entered an order postponing the sale to July 1, 1939, from which order the bank has appealed. For convenience, the bank will be referred to as the appellant and Anna L. Hartman as the respondent.

The first point raised is that the order in question was erroneous because no evidence was introduced of the inability of the respondent to pay or of any fact tending to show that it was just and equitable to extend the previous order for the postponement of the sale. The only evidence introduced at the hearing on July 30, 1937, was certain testimony to the effect that the terms of the previous orders of the court had been substantially complied with and that some new tenants for the property had been obtained, with some statements showing what rentals had been received under the previous orders and how these had been disbursed. From these statements it appears that after the application of all moneys paid by the respondent under the previous orders

the total debt to the appellant had increased to the extent of $1526.76 during the period of the postponement.

The respondent does not contend that any evidence was received at the hearing on July 30, 1937, which would show that the desired extension was just and equitable but contends that facts showing this condition were set forth in her supplemental petition which led to that hearing, and that it must be presumed on this appeal that satisfactory evidence was given in support of those allegations. She further contends that she presented evidence of that nature at the hearing of her original petition on December 20, 1935. Not only is that evidence not before us, but her financial condition and the entire situation may have materially changed in the twenty months which intervened between that hearing and the one here in question, and the statute is particularly designed to cover any such change in conditions.

The allegations of the supplemental petition were not sufficient in the absence of evidence, as section 16 of the act in question (Stats. 1937, chap. 167) authorizes the court to make the order extending the previous order only after a hearing on notice and "upon the presentation of evidence showing that the provisions of such order or decree should be . . . extended to make them just and equitable". A similar holding is to be found in the case of *Boggs* v. *North American B. & M. Co.*, 20 Cal. App. (2d) 316 [66 Pac. (2d) 1253], where it is said:

"There is, however, no provision in the act which provides that the petition itself shall be deemed to constitute evidence of the facts or matters therein contained, nor in fact is it required that the petition be verified. . . . Inasmuch as the act places upon the court the power to make an order postponing a foreclosure sale only when, after a hearing, it finds equitable grounds for such relief, the burden of establishing the right of such relief obviously rests upon the petitioners under the familiar principle that he who has the affirmative of an issue has the burden of proof."

While the court was there considering section 5 of the 1935 act (Stats. 1935, chap. 348) a similar requirement is contained in the extension provision of section 16 of the 1937 act with which we are here concerned.

Not only does the statute specifically require the presentation of evidence in order to obtain such an extension, but it cannot be presumed that the allegations of this petition were sufficiently supported by evidence when it appears from the transcript of the hearing held on July 30, 1937, that such is not the fact and that no effort was there made to comply with this statutory provision. It was incumbent upon the respondent to present such evidence at this hearing, and there was an entire failure in this regard. In so far as disclosed by anything which took place at that hearing the respondent may have then been amply able to pay the debt in full, to mention only one of the possibilities.

The appellant raises the further point that the order appealed from was erroneous in that it failed to require, as a condition of the further postponement of the sale, that the respondent repay certain sums which the appellant had advanced for the payment of taxes and insurance premiums which had accrued and been paid long before the original petition for a postponement of the sale was filed on November 12, 1935. This contention is based upon that part of section 6 of the 1937 act reading as follows:

" . . . but in no event shall the court order the payment by the trustor or mortgagor of a lesser sum than necessary to pay (a) current taxes, (b) all delinquent taxes, except that such taxes may be paid in instalments as may be provided by law, and (c) any insurance premiums required to be paid by the debtor under the contract between the parties."

It is argued that under this provision the court was required, as a minimum, to order the payment of a sum sufficient to cover any taxes or insurance premiums which the holder of the trust deed has previously paid and which have not been repaid to him by the debtor. Such payments are usually made under a provision of the trust deed or mortgage permitting such advancements, and are in fact merely additional loans. In our opinion this provision of section 6 of this act was intended to preserve the *status quo* of the property and the only thing which the court must do thereunder is to require the payment of a sum sufficient to take care of current taxes, of taxes which are at that time actually delinquent and unpaid, and of insurance premiums which

are then unpaid or which must be paid during the term of the extension.

For the reasons given the order appealed from is reversed.

Marks, J., concurred.