[Civ. No. 67190. Second Dist., Div. Seven. Nov. 23, 1983.]

In re the Marriage of NORMA JANE and ROBERT GALIS.
ROBERT GALIS, Respondent, v.
NORMA JANE GALIS, Appellant.

COUNSEL

F. Gordon Chytraus for Appellant.

Seymour I. Cohen for Respondent.

OPINION

JOHNSON, J.—

### FACTS AND PROCEEDINGS BELOW

The trial of this contested dissolution action was set before a commissioner of the Los Angeles Superior Court (South District). Prior to commencement of the trial, the parties were requested to stipulate that the matter could be heard and determined by the commissioner sitting as a temporary judge. (Code Civ. Proc., § 259, Cal. Rules of Court, rule 244.) Appellant refused to so stipulate. The commissioner then transferred the matter to a judge of the court, who, over appellant's objection, assigned the same commissioner to hear evidence and make findings of fact and recommendations as to the disposition of the matter in his capacity as a referee. (Code Civ. Proc., § 639.)

The commissioner proceeded to hear the evidence of the parties. He subsequently issued findings of fact and recommendations in the matter. Appellant then petitioned the judge who had made the reference for a reconsideration of the referee's recommendations and a trial before the judge on the issues of spousal support, child support and attorney's fees. That petition was denied without a hearing.

An interlocutory judgment of dissolution was subsequently granted by the judge which incorporated the findings and recommendations of the referee. This appeal was timely filed.

### ISSUES ON APPEAL

Appellant raises several issues on appeal. Because we agree with her first contention that the matter was improperly referred to a referee, we vacate

the interlocutory judgment. It is, therefore, unnecessary to address appellant's remaining contentions.[1]

## DECISION

When counsel for Mrs. Galis refused to stipulate to the trial of the dissolution petition before a commissioner, the commissioner transferred the action to a judge who immediately retransferred the case to the same commissioner to hear the matter as a referee.

■ Where, as here, a party does not consent to a reference the authority of the court to make the reference on its own motion is defined and limited by Code of Civil Procedure section 639.[2] (*Bird v. Superior Court* (1980) 112 Cal.App.3d 595, 598 [169 Cal.Rptr. 530].) That section provides: "When the parties do not consent, the court may, upon the application of any party, or of its own motion, direct a reference in the following cases:

"(a) When the trial of an issue of fact requires the examination of a long account on either side; in which case the referees may be directed to hear and decide the whole issue, or report upon any specific question of fact involved therein.

"(b) When the taking of an account is necessary for the information of the court before judgment or for carrying a judgment or order into effect.

"(c) When a question of fact, other than upon the pleadings, arises upon motion or otherwise, in any stage of the action.

"(d) When it is necessary for the information of the court in a special proceeding.

"(e) When the court in any pending action determines in its discretion that it is necessary for the court to appoint a referee to hear and determine

---

[1]Appellant also contends that she was denied the opportunity to make a closing argument, that the court erred in failing to order spousal support, attorney's fees and to establish the date of the parties' separation and that the child support award was too low considering her needs and her husband's ability to pay. Contrary to respondent's suggestion, these issues are not frivolous. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179].)

[2]All references are to the Code of Civil Procedure. In the instant case we do not deal with the authority of a commissioner to act as a temporary judge pursuant to stipulation of the parties litigant (Cal. Const., art. VI, § 21) or to perform subordinate judicial duties (Cal. Const., art. VI, § 22; Code Civ. Proc., § 259; *Rooney v. Vermont Inv. Corp.* (1973) 10 Cal.3d 351 [110 Cal.Rptr. 351, 515 P.2d 297]). We confront only the purported authorization for a reference to him of all issues in the dissolution proceeding in the face of a refusal by a party litigant to consent to that reference.

any and all discovery motions and disputes relevant to discovery in the action and to report findings and make a recommendation thereon."

In *Williams* v. *Benton* (1864) 24 Cal. 424, 425-426, the Supreme Court construed the predecessor of section 639. The court stated: "The character of the issue which may be referred is particularly described, and, by necessary implication, all issues not answering to that description are excluded from the operation of the section." (See also *Hendy Machine Works* v. *Pac. C. C. Co.* (1893) 99 Cal. 421, 423 [33 P. 1084]; *Barker Bros., Inc.* v. *Coates* (1931) 211 Cal. 756, 758 [297 P. 8].) ▮ We find that the matter referred in this case—a full-fledged contested dissolution action—failed to qualify under any of the categories listed in section 639.

To begin with, this case did not involve an accounting. (§ 639, subds. (a), (b).) Instead it was a referral of all issues in contest between the parties. The trial court's minute order states: "Matter is transferred to Dept. So. J., as counsel for Respondent refuses to sign stipulation for the appointment of court commissioner as temporary judge. Matter is referred back from Dept. So. J. for commissioner to hear the matter as referee."[3]

There are, of course, situations in which an accounting may be appropriate in a divorce action. The court could, for example, order an accounting which might take the form of listing and valuing the community assets. However, in those cases the reference is limited to the accounting and does not include other issues in the case or issues having no direct or immediate connection with the account. (*Barker Bros., Inc.* v. *Coates, supra,* 211 Cal. at p. 758; 4 Witkin, Cal. Procedure (2d ed. 1971) § 34, p. 2701 and cases cited therein.)

The action did not raise questions of fact outside the pleadings (§ 639, subd. (c)). The findings and recommendations of the referee as to community property, spousal and child support and other matters were related to issues raised by the petition for dissolution and response thereto. Nor did it involve a dispute relevant to discovery (§ 639, subd. (e)). Indeed no discovery motions were filed or considered.

▮ The question whether a suit for divorce is a "special proceeding" for purposes of section 639, subdivision (d) has not been previously addressed. For the reasons that follow, we conclude that divorce is not a "special proceeding."

---

[3]The respondent conceded during oral argument before this court that no accounting was sought nor ordered by the trial court.

The Code of Civil Procedure divides civil remedies into two classes: actions and special proceedings. (§ 21.) It defines an action as "an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." (§ 22.) "Every other remedy is a special proceeding." (§ 23.)

The term "special proceeding" is not generally defined by statute, except in the negative, (see § 23, *supra*) nor does it have a well-established meaning. (*Boggs* v. *North American B. & M. Co.* (1937) 20 Cal.App.2d 316, 319 [66 P.2d 1253].) In *Tide Water Assoc. Oil Co.* v. *Superior Court* (1955) 43 Cal.2d 815, 822 [279 P.2d 35], the court set out the generally accepted definition of the term. ■ "As a general rule, a special proceeding is confined to the type of case which was not, under the common law or equity practice, either an action at law or a suit in equity." Judicial decrees of divorce were unknown to the English common law. (See Clark, Law of Domestic Relations (1968) pp. 280-282.) Thus, it could be argued that the judicial remedy of divorce, being of recent statutory origin, (Stats. 1851, ch. 20) fits within the broad definition of a special proceeding. (Cf. *Boggs* v. *North American B. & M. Co.*, *supra*, 20 Cal.App.2d at p. 319.) However, the historical development of California divorce law demonstrates that neither the Legislature nor the courts have viewed divorce actions as special proceedings.

The California Constitution of 1849 conferred on the district courts "original jurisdiction, in law and equity, in all civil cases where the amount in dispute exceed two hundred dollars . . ." (art. VI, § 6, Compiled Laws of the State of California (1853) at p. 52) and conferred on county courts jurisdiction "in special cases, as the legislature may prescribe . . . ." (Art. VI, § 9; *ibid.*) When the Legislature adopted the first divorce statute in 1851 it granted "exclusive jurisdiction to grant a divorce" to the district courts. (Stats. 1851, ch. 20, § 1.) In 1862, article VI of the Constitution was amended, in relevant part, to confer on the district courts "original jurisdiction in all cases in equity . . ." (§ 6) and to confer on county courts "original jurisdiction . . . of all such *special cases and proceedings* as are not otherwise provided for . . . ." (Sec. 8, [italics added].) This is how article VI read in 1872 when the Civil Code and Code of Civil Procedure were enacted.

The provision of the original divorce statute conferring jurisdiction on the district courts was deleted from the codified version of the law. Instead, section 90 of the Civil Code provided: "Marriage is dissolved only: . . . By the judgment of a Court of competent jurisdiction decreeing a divorce of the parties." (Code Amends. 1873-1874, p. 189.) From 1873 to 1879

there was no constitutional or statutory provision expressly conferring jurisdiction in suits for divorce. (During this period, the district courts continued in fact to exercise jurisdiction over divorce actions. See, e.g., *Devoe* v. *Devoe* (1876) 51 Cal. 543.)

In 1879, article VI, section 5, was amended to provide that "The Superior Court shall have original jurisdiction . . . of actions . . . of divorce and for annulment of marriage, *and* of *all such special cases and proceedings* as are not otherwise provided for." (Italics added.)

The foregoing history demonstrates that the Legislature has long distinguished between actions for divorce and the class of cases denominated as special proceedings. This separation is particularly notable in the 1879 amendment which conferred jurisdiction on the superior courts of *both* divorce actions *and* special proceedings. ■ A cardinal rule of construction is that every word in a law is presumably intended to have some meaning and that a construction making some words surplusage is to be avoided. (*Watkins* v. *Real Estate Commissioner* (1960) 182 Cal.App.2d 397, 400 [6 Cal.Rptr. 191].) Here the references to actions for divorce and to special proceedings manifest an intent to confer jurisdiction in two separate classes of cases.

Likewise, the distinction between divorce actions and special proceedings was recognized in early decisions of our Supreme Court. In *Bixler's Appeal* (1881) 59 Cal. 550, the court noted that its appellate jurisdiction under the Constitution of 1879 (art. VI, § 4), was not coextensive with the jurisdiction of the superior courts. (Art. VI, § 5.) The constitutional grant of appellate jurisdiction did not mention divorce actions or special proceedings over which the superior courts were granted original jurisdiction. (*Id.*, at p. 554 and see discussion *ante*, p. 152.) The court suggested that appellate jurisdiction over divorce actions might be conferred through its grant of jurisdiction over suits in equity. (*Id.*, at p. 555.) But, the court went on to say, "[w]hatever bearing this suggestion may have upon . . . suits for divorce . . . it has no force when applied to 'special cases and proceedings.' These are neither cases in equity nor cases at law . . . ." (*Ibid.*) Four years later, in *Sharon* v. *Sharon* (1885) 67 Cal. 185 [7 P. 456, 635, 8 P. 709], the court converted its dictum in *Bixler* into a holding that it had appellate jurisdiction over divorce actions by reason of its jurisdiction over suits in equity. Characterizing marriage as a "civil contract," the court reasoned that divorce was analogous to relieving the parties of their contractual obligations. (*Id.*, at pp. 192-193.) "Courts of equity have jurisdiction to decree or declare dissolution of copartnerships, and of other like contracts entered into to continue indefinitely, where there are mutual and continuing conditions. . . . [¶] It is therefore not surprising that this court should have uni-

'formly regarded actions of divorce as 'cases in equity.'" (*Id.*, at p. 193.) By including divorce actions within cases in equity, the court necessarily excluded them from the class of special proceedings. Special proceedings, as the court defined them in *Bixler, supra,* do not include cases in equity. (59 Cal.App. at pp. 554-555, and see *Tide Water Assoc. Oil Co.* v. *Superior Court, supra,* 43 Cal.2d at p. 822.)

We are mindful that the use of court commissioners and referees is an important tool in the economical and expeditious administration of justice. Although the parties have not supplied us any statistics on the matter, we believe that in the vast majority of dissolution cases stipulation to trial by a commissioner is a mere formality. Nevertheless, to force an unwilling litigant to try his or her case before someone other than a judge violates clearly announced legislative policy.[4] This policy is reflected not only in section 639 but in section 259 as well. The latter section provides: ". . . [E]very court commissioner shall have power to do all of the following . . .

"(6) Hear and report findings and conclusions to the court for approval, rejection, or change, all preliminary matters including motions or petitions for the custody and support of children, the allowance of temporary alimony, costs and attorneys' fees, and issues of fact in contempt proceedings in divorce, maintenance, and annulment of marriage cases.

"(7) Hear, report on, and determine all uncontested actions and proceedings other than actions for divorce, maintenance, or annulment of marriage."

■ Thus, under section 259, commissioners lack the power to hear and determine *uncontested* actions for dissolution. They also lack the power even to hear and report findings and conclusions to the court with respect to interlocutory judgments of dissolution. A fortiori, commissioners lack authority to hear contested, full-fledged dissolution actions.[5] The trial court cannot confer on a commissioner a power withheld by the Legislature. (*Peo-*

[4]The fact that Mrs. Galis is an active litigant in this action obviously distinguishes this case from *Barfield* v. *Superior Court* (1963) 216 Cal.App.2d 476, 479 [31 Cal.Rptr. 30], and *Sarracino* v. *Superior Court* (1974) 13 Cal.3d 1, 10 [118 Cal.Rptr. 21, 529 P.2d 53], which held that it was unnecessary to obtain the stipulation of a party who had not appeared in the action in order for a commissioner to act as judge pro tempore.

[5]The Legislature is free, of course, to revise this policy. Following the decision in *Bird* v. *Superior Court, supra,* the Legislature amended section 639 to specifically authorize the court to appoint a referee to hear and determine discovery motions and disputes relevant to discovery. (Section 639, subd. (e).)

*ple* v. *Tijerina* (1969) 1 Cal.3d 41, 48-49 [81 Cal.Rptr. 264, 459 P.2d 680].)[6]

DISPOSITION

The case is remanded to the trial court with instructions to vacate the interlocutory judgment and the order of reference.

Schauer, P. J., and Thompson, J., concurred.

A petition for a rehearing was denied December 16, 1983, and the opinion was modified to read as printed above. Respondent's petition for a hearing by the Supreme Court was denied January 18, 1984.

---

[6]In *Tijerina,* the court specifically disapproved *Martin* v. *Martin* (1963) 215 Cal.App.2d 338 [30 Cal.Rptr. 293] which had upheld the assignment of a commissioner to hear a motion to vacate a support order in the absence of stipulation by the parties that the commissioner could act as a temporary judge. (See Cal. Const., art. VI, § 21; Code Civ. Proc., § 259, subd. (5).)