**Phillip A. GARDNER, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–967.

Court of Appeals of Alaska.

June 28, 1985.

Peter G. Ashman, Asst. Public Defender, Palmer, and Dana Fabe, Public Defender, Anchorage, for appellant.

Dwayne W. McConnell, Dist. Atty., Palmer, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Phillip A. Gardner appeals from an order rejecting a notice of peremptory challenge in which Gardner sought to disqualify Palmer Superior Court Judge Beverly J. Cutler. We reverse the superior court's order and direct the appointment of another trial judge to replace Judge Cutler.

The facts are undisputed. Gardner was charged by indictment on February 8, 1985, with three counts of first-degree sexual assault. He was arraigned on February 11 and, at that time, his case was assigned for trial in Palmer before Judge Cutler. Two days later, on February 13, Gardner and his counsel participated without objection before Judge Cutler in a contested bail hearing. On February 19, 1985, Gardner, in accordance with Alaska Criminal Rule 25(d),[1] filed a notice of peremptory chal-

---

1. Alaska Criminal Rule 25(d) provides, in relevant part:

(d) *Change of Judge as a Matter of Right.* In all courts of the state, a judge may be peremptorily challenged as follows:

(1) *Entitlement.* In any criminal case in superior or district court, the prosecution and the defense shall each be entitled as a matter of right to one change of judge....

(2) *Procedure.* At the time required for filing the omnibus hearing form, or within five days after a judge is assigned the case for the first time, a party may exercise his right to change of judge by noting the request on the

lenge attempting to disqualify Judge Cutler as the trial judge. Although filed within the five-day period prescribed by Rule 25(d)(2),[2] the notice of peremptory challenge was disallowed by Superior Court Judge Karl S. Johnstone, who apparently concluded that *Gardner*, by participating in a contested bail hearing before Judge Cutler, had waived his right to challenge her peremptorily. After moving unsuccessfully for reconsideration of Judge Johnstone's order, Gardner filed this appeal.[3]

On appeal Gardner argues that his participation in the contested bail hearing before Judge Cutler did not amount to a waiver of his right to a peremptory challenge of the judge. The state, in opposition, maintains that by electing to proceed with the bail hearing before Judge Cutler, who had already been designated as the trial judge, Gardner relinquished his right to challenge.

Although the precise question presented in this appeal is one of first impression in Alaska and both parties advance cogent arguments in support of their views, we find the issue to be controlled by the specific language of Alaska Criminal Rule 25(d)(5):

> omnibus hearing form or by filing a "Notice of Change of Judge" signed by counsel, if any, stating the name of the judge to be changed....

**2.** The parties are in accord that the five-day period in this case commenced on February 11, 1985, the date of Gardner's arraignment. Under Alaska Criminal Rule 40(a), which governs computation of time, the date of Gardner's arraignment would not be included in the computation of the allowable period for filing a notice of peremptory challenge. The first day counted would thus be February 12. Since the period allowed for filing a notice is less than seven days, intervening weekends and holidays would also be excluded from computation under Rule 40(a). February 16 and 17 fell on a weekend and February 18 was a holiday. Accordingly, the fifth day for filing a notice of peremptory challenge was February 19, the date on which Gardner's notice was filed.

**3.** This matter was appealed in advance of Gardner's trial pursuant to Appellate Rule 216. *See Morgan v. State,* 635 P.2d 472, 480 (Alaska 1981).

*Waiver.* A party loses his rights under this rule to change a judge when he agrees to the assignment of the case to a particular judge or participates before [that judge] in an omnibus hearing, any subsequent pretrial hearing, a hearing under Rule 11 [governing pleas of guilty and *nolo contendere* ], or the commencement of trial.

Gardner never agreed to have Judge Cutler assigned as the trial judge in his case, nor did the contested bail hearing constitute "an omnibus hearing," "a hearing under Rule 11," or "the commencement of trial." The only arguably applicable language in Rule 25(d)(5) is its reference to "any subsequent pretrial hearing." Yet, the word "subsequent" plainly refers to and is used in connection with the immediately preceding language, "an omnibus hearing." The hearing at issue in this case was not a pretrial hearing subsequent to the omnibus hearing, but rather was a bail hearing held shortly after arraignment and well in advance of the omnibus hearing date. Applying the plain language of Criminal Rule 25(d)(5) to the circumstances of this case, we conclude that no waiver occurred under the rule.[4]

**4.** Our literal interpretation of Criminal Rule 25(d)(5) is in keeping with the general principle that disfavors interpretations resulting in findings of waiver. Our reading of the rule also finds support in the treatment given by Arizona to the subject of waiver under its comparable peremptory challenge rule. Alaska Criminal Rule 25(d)(5) was originally patterned after the Arizona Rule of Criminal Procedure 10.4. The waiver language of the Alaska rule is drawn almost verbatim from the version of the Arizona rule that was in effect when the Alaska rule was adopted in 1974. Former Arizona Criminal Rule 10.4(a) provided, in relevant part:

> *Waiver.* A party loses his right under Rule 10.2 to a change of judge [upon request] when he agrees to the assignment of the case to a particular judge or participates before him in an omnibus hearing, any subsequent pretrial hearing, a hearing under Rule 17 [governing pleas of guilty and no contest], or commencement of trial....

In 1975 Arizona broadened this waiver language to include situations similar to that in the present case. Arizona Criminal Rule 10.4(a) currently provides, in relevant part:

> A party loses his right under Rule 10.2 to a change of judge when he participates before

The superior court's order disallowing Gardner's notice of peremptory challenge is REVERSED, and this case is REMAND- ED for a trial before a superior court judge other than Judge Cutler.

that judge *in any contested matter in the case,* an omnibus hearing, any pretrial hearing, a proceeding under Rule 17, or the commencement of trial.... [Emphasis added.]

Notably, the Alaska Supreme Court amended Criminal Rule 25 in 1977, two years after adoption of the Arizona amendment, but did not alter the waiver language of subsection (d)(5) to conform to the Arizona amendment. *See* Alaska Supreme Court Order 292 (December 13, 1977).