[No. F011405. Fifth Dist. Apr. 11, 1989.]

EDWARD CRAWFORD LE LOUIS, Petitioner, v.
THE SUPERIOR COURT OF KERN COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

672

COUNSEL

Willard L. Weddell, Public Defender, and Melvin T. Mueller, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, and Gary A. Binkerd, Deputy Attorney General, for Real Party in Interest.

OPINION

MARTIN, Acting P. J.— ■■■■■ Petitioner prays for peremptory writ of mandate and/or prohibition to compel disqualification of trial judge (Code Civ. Proc., § 170.6) and for stay of criminal trial.[1]

### FACTS

On March 24, 1987, the Kern County District Attorney filed felony complaint No. 45642 in West Kern Municipal Court, charging petitioner, a Bakersfield attorney, with two counts of solicitation of murder (Pen. Code, § 653f, subd. (b)). On that same date, the Honorable H. A. Staley, judge of the West Kern Municipal Court, Division D, issued a "no bail" warrant for petitioner's arrest based on the complaint. The next day, petitioner appeared before Municipal Court Judge C. P. McNutt and was arraigned. The maximum punishment in case No. 45642 was seven years and four months. Judge McNutt refused to set bail at the arraignment and set the matter over for a bail review and setting hearing in Division D. On the same date, petitioner's counsel of record filed a declaration against the Honorable H. A. Staley to preclude him from acting in case No. 45642 (Code Civ. Proc., § 170.6).

On March 27, 1987, the Kern County District Attorney filed felony complaint No. 45677 in the West Kern Municipal Court, charging petitioner with two counts of solicitation of murder (Pen. Code, § 653f, subd. (b)) and one count of conspiracy to commit murder (Pen. Code, §§ 182, 187).

---

[1] A petition for writ of mandate and/or prohibition is the appropriate procedural device to review the denial of a challenge under Code of Civil Procedure section 170.6. (See Code Civ. Proc., § 170.3, subd. (d); *Thompson* v. *Superior Court* (1962) 206 Cal.App.2d 702, 710-711 [23 Cal.Rptr. 841]. See generally, Cal. Civil Writ Practice (Cont.Ed.Bar 2d ed. 1987) § 4.27, p. 126; Appeals and Writs in Criminal Cases (Cont.Ed.Bar 1982) § 2.21, p. 219.)

That complaint also charged one Donna K. Riddle with one count of solicitation of murder and one count of conspiracy to commit murder. On March 30, 1987, petitioner appeared before Judge C. P. McNutt and was arraigned on complaint No. 45677. The maximum punishment in case No. 45677 was 26 years, 4 months to life imprisonment. Judge McNutt ordered petitioner to report to the Kern County jail before 6 p.m. that day for fingerprinting and booking in case No. 45677.

Felony complaint Nos. 45642 and 45677 were called for preliminary hearing on December 14, 1987, before Judge Jack E. Lund of the West Kern Municipal Court. The hearings were held concurrently and on December 17, 1987, the court held petitioner to answer on two counts of solicitation of murder and one count of conspiracy to commit murder.

On December 30, 1987, the Kern County District Attorney filed information No. 35277 in superior court charging petitioner with two counts of solicitation of murder and one count of conspiracy to commit murder. Petitioner was arraigned on the information and pleaded not guilty to all charges.

The case was assigned to the Honorable Roger D. Randall, judge of the Kern County Superior Court, for trial on November 1, 1988. Petitioner and his counsel filed written verified statements objecting to trial before Judge Randall and setting forth facts which they alleged constituted grounds for his disqualification (Code Civ. Proc., §§ 170.1, 170.3, subd. (c)(1)).[2] Judge Randall refused to recuse himself and filed a verified answer to the statements of disqualification on November 3, 1988.

The parties were unable to agree on the selection of another judge to decide the question of Judge Randall's disqualification and the parties notified the Chairperson of the Judicial Council of the need for a judge to decide the question. The Chairperson of the Judicial Council eventually assigned the Honorable John G. Schwartz, judge of the San Mateo County Superior Court, to decide the question of Judge Randall's disqualification. On November 17, 1988, Judge Schwartz filed an order denying the motion for disqualification of Judge Randall.

On November 23, 1988, petitioner filed a petition for writ of mandate in this court (No. F011334) seeking review of the order and stay of trial. On

---

[2] Petitioner and his counsel asserted Judge Randall was biased and prejudiced because (1) Judge Randall had previously heard many ex parte requests for the funding of the defense; (2) petitioner successfully overturned Judge Randall's ruling in *Moreland* v. *Department of Corporations* (1987) 194 Cal.App.3d 506 [239 Cal.Rptr. 558]; and (3) petitioner had engaged in a bitter and protracted marital dissolution with Judge Randall while the latter was a practitioner.

November 29, 1988, this court denied the petition, stating, "Petitioner has failed to set forth facts sufficient to entitle him to writ relief."

On November 30, 1988, petitioner filed a declaration of prejudice and supporting points and authorities to disqualify Judge Randall (Code Civ. Proc., § 170.6). On December 1, 1988, Judge Randall heard argument by counsel and denied petitioner's motion to disqualify him. The court ruled: "It's a unique fact situation. It seems to me, however, that this is one action that a 170.6 has been utilized. [¶] I'm going to reject the declaration . . . ." Following this order, Judge Randall continued the trial to December 12, 1988, to allow petitioner an opportunity to seek review.

On December 7, 1988, petitioner filed a petition for writ of mandate and/or prohibition and request for stay in this court (No. F011405). Petitioner summarized the central issue as follows: "[W]hether a party who files a CCP 170.6 declaration of prejudice against a magistrate in a special proceeding on a felony complaint in an inferior court that is subsequently consolidated for preliminary hearing with a second felony complaint containing a substantially different charge is precluded from filing a declaration of prejudice against a trial judge in a criminal action on an information in the superior court." On December 8, 1988, this court issued an order to show cause and stayed petitioner's trial pending determination of his petition.

## DISCUSSION

### I. *Did the Filing of a Recusal Motion at the Preliminary Hearing Preclude the Filing of a Recusal Motion at Trial?*

■ Petitioner contends the filing of a Code of Civil Procedure section 170.6 challenge at the preliminary hearing does not preclude a similar challenge in the trial court.

Petitioner argues: "A preliminary hearing is . . . a separate special proceeding (see, Penal Code section 738; Code of Civil Procedure section 23) designed to determine if a criminal action can/should be filed in the Superior Court by way of an Information (Penal Code sections 871 and 872); therefore defendant is permitted to exercise his rights pursuant to CCP 170.6 before the magistrate in a special criminal proceeding as well as before the criminal action trial judge. This becomes even more clear when one considers that there is no rule for application of the doctrines of res judicata or collateral estoppel, and the defendant's dismissal, even though based on a purported determination of the merits, does not bar the prosecution from either refiling the same charges before another magistrate (in effect, to

summarily ignore the first magistrate's findings and try again) or seeking an indictment based on those charges. [(*People* v. *Uhlemann* (1973) 9 Cal.3d 662.)]

"It is so, therefore, that the government gets 'two bites out of the apple'; however, the accused is not asking for a reciprocal two bites, for there are two apples."

Code of Civil Procedure section 170.6 states in relevant part: "(1) No judge, court commissioner, or referee of any superior, municipal or justice court of the State of California shall try any civil or criminal action or special proceeding of any kind or character nor hear any matter therein which involves a contested issue of law or fact when it shall be established as hereinafter provided that such judge or court commissioner is prejudiced against any party or attorney or the interest of any party or attorney appearing in such action or proceeding.

"(2) Any party to or any attorney appearing in any such action or proceeding may establish such prejudice by an oral or written motion without notice supported by affidavit or declaration under penalty of perjury or an oral statement under oath that the judge, court commissioner, or referee before whom such action or proceeding is pending or to whom it is assigned is prejudiced against any such party or attorney or the interest of such party or attorney so that such party or attorney cannot or believes that he cannot have a fair and impartial trial or hearing before such judge, court commissioner, or referee. . . .

"(3) . . . Under no circumstances shall a party or attorney be permitted to make more than one such motion in any one action or special proceeding pursuant to this section; and in actions or special proceedings where there may be more than one plaintiff or similar party or more than one defendant or similar party appearing in the action or special proceeding, only one motion for each side may be made in any one action or special proceeding.

". . . . . . . . . . . . . . . ."

The following exchange occurred at the December 1, 1988, hearing below: "MR. MUELLER [deputy public defender]: Well, your Honor, I think I have made my position quite clear to the Court. I think, number one, it is my position that this is a case of first instance in the sense that I did not find any case that dealt with the bite of the first apple, as the Court uses the phrase. I think it's clear that the purpose of a preliminary hearing is to weed out the cases that should not or could not be brought by way of a criminal action information in the Superior Court. And in that sense, I think when

you look at the cases I have cited to the Court, that's what on the pages that I have cited to the Court they're talking about. It's a unique hearing. It has a central purpose and in that sense it's a special proceeding, and I think it should be treated that way, and I think it's treated that way under the law. I think an individual is entitled to exercise a peremptory challenge at that stage and then if the matter is brought into the Superior Court by way of an Information, I think then that is a new separate and distinct criminal action and at that stage, another 170.6 lies. It's not even another one, it's an original 170.6.

"· . . . . . . . . . . . . . . . . . . .

"THE COURT: Well, that's certainly the issue. There's no question about it. . . . I'm not surprised there are no cases that have been found on point. It's a unique fact situation. It seems to me, however, that this is one action that a 170.6 has been utilized.

"I'm going to reject the declaration but I would certainly be open to a stay to allow you to seek a writ on this matter if you wish to do so, Mr. Mueller."

A judge has a duty to decide any proceeding in which he or she is not disqualified. (Code Civ. Proc., § 170.) ■ In enacting Code of Civil Procedure section 170.6, the Legislature guaranteed to litigants an extraordinary right to disqualify a judge. The right is "automatic" in the sense a good faith belief in prejudice is alone sufficient. (*McCartney v. Commission on Judicial Qualifications* (1974) 12 Cal.3d 512, 531-532 [116 Cal.Rptr. 260, 526 P.2d 268], disapproved on another point in *Spruance v. Commission on Judicial Qualifications* (1975) 13 Cal.3d 778, 799, fn. 18 [119 Cal.Rptr. 841, 532 P.2d 1209].) When the affidavit, declaration or statement is timely and properly made, immediate disqualification is mandatory. (*McCartney v. Commission on Judicial Qualifications, supra,* 12 Cal.3d 512, 531-532.) Section 170.6 draws no distinction between civil and criminal actions. (*McClenny v. Superior Court* (1964) 60 Cal.2d 677, 685 [36 Cal.Rptr. 459, 388 P.2d 691].)

■ A party or his or her attorney is entitled to only one peremptory challenge to disqualify a judge for prejudice in each case. (Cal. Criminal Law Procedure and Practice (Cont.Ed.Bar 1986) § 17.5, p. 346.) In advocating the adoption of Code of Civil Procedure section 170.6, the State Bar of California emphasized this limitation as preventing excessive disturbance of court calendars. The Legislature relied upon the efficacy of such a limitation in striking a balance between the needs of litigants and the operating

efficiency of courts. (*People* v. *Escobedo* (1973) 35 Cal.App.3d 32, 40 [110 Cal.Rptr. 550].)

For every wrong there is a remedy. (Civ. Code, § 3523.) Judicial remedies are such as are administered by the courts of justice, or by judicial officers empowered for that purpose by the Constitution and statutes of California. (Code Civ. Proc., § 20.) Judicial remedies are divided into two classes: (1) actions and (2) special proceedings. (Code Civ. Proc., § 21.) An action is an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense. (Code Civ. Proc., § 22.) Every other remedy is a special proceeding. (Code Civ. Proc., § 23.) Actions are of two kinds: (1) civil and (2) criminal. (Code Civ. Proc., § 24.) The Penal Code defines and provides for the prosecution of a criminal action. (Code Civ. Proc., § 31.)

"The proceeding by which a party charged with a public offense is accused and brought to trial and punishment, is known as a criminal action." (Pen. Code, § 683.) The words "accusatory pleading" include an indictment, an information, an accusation, a complaint filed with a magistrate charging a public offense of which the superior court has original trial jurisdiction, and a complaint filed with an inferior court charging a public offense of which the inferior court has original trial jurisdiction. (Pen. Code, § 691, subd. (d).) Before an information is filed there must be a preliminary examination of the case against the defendant and an order holding him to answer made under Penal Code section 872 (governing commitment of defendant). (Pen. Code, § 738.) A proceeding for the examination before a magistrate of a person on a charge of an offense originally triable in a superior court must be commenced by written complaint under oath subscribed by the complainant and filed with the magistrate. (Pen. Code, § 806.)

■ Petitioner contends upon review: "Stated otherwise, the purpose of a preliminary examination is to determine whether there is sufficient or probable cause to hold the defendant for trial. [(*Dudley* v. *Superior Court* (1974) 36 Cal.App.3d 977, 982 [111 Cal.Rptr. 797].)] The preliminary examination together with the statutory motion to set aside an information, operates as a judicial check on the exercise of prosecutorial discretion. [(*People* v. *Superior Court (Mendella)* (1983) 33 Cal.3d 754, 759 [191 Cal.Rptr. 1, 661 P.2d 1081].)] Thus, guilt of the accused is not an issue before the committing magistrate in a preliminary hearing. [(*People* v. *Conover* (1966) 243 Cal.App.2d 38, 49 [52 Cal.Rptr. 172]; *People* v. *Sears* (1954) 124 Cal.App.2d 839, 851 [269 P.2d 683].)] Accordingly, the preliminary

hearing is not a criminal action in that said hearing does not address the guilt of the accused nor his punishment."

Petitioner essentially contends a criminal trial is an "action" within the meaning of Code of Civil Procedure section 170.6 while a preliminary hearing is a "special proceeding" within the meaning of that section. Therefore, petitioner concludes he is entitled to a peremptory challenge in both the municipal court and the superior court. We must disagree. In our view, petitioner misconstrues the relevant provisions of the Code of Civil Procedure and the Penal Code. ■ As noted above, under the Code of Civil Procedure, every judicial remedy other than an action is a special proceeding. As a general rule, a special proceeding is confined to the type of case which was *neither* an action at law *nor* a suit in chancery under the common law or equity practice. (*Tide Water Assoc. Oil Co.* v. *Superior Court* (1955) 43 Cal.2d 815, 822 [279 P.2d 35]; *In re Central Irrigation District* (1897) 117 Cal. 382, 387 [49 P. 354].) Special proceedings are of statutory origin and do not proceed according to the course of the common law but give new rights and afford new remedies. (*Boggs* v. *North American B. & M. Co.* (1937) 20 Cal.App.2d 316, 319 [66 P.2d 1253].) Typical special proceedings of a civil nature are designated as such in part 3 of the Code of Civil Procedure (commencing with § 1063). (*Agricultural Labor Relations Bd.* v. *Superior Court* (1983) 149 Cal.App.3d 709, 714 [196 Cal.Rptr. 920].) The Penal Code does not expressly define "special proceeding." However, title 12 of part 2 of that code, entitled "Special Proceedings of a Criminal Nature," encompasses (1) the writ of habeas corpus (Pen. Code, §§ 1473-1508); (2) pretrial review (Pen. Code, § 1510); (3) search warrants (Pen. Code, §§ 1523-1542); (4) disclosure of medical records to law enforcement agencies (Pen. Code, §§ 1543-1545); and (5) proceedings against fugitives from justice (Pen. Code, §§ 1547-1558). Title 12 does not encompass the preliminary hearing in a criminal action.

■ Further, construction of other Penal Code provisions strongly suggests the preliminary examination is part of a "criminal action" and not a separate or "special proceeding." As noted above, the Penal Code defines a "criminal action" as "[t]he *proceeding by which a party charged with a public offense is accused and brought to trial and punishment . . . .*" (Pen. Code, § 683, italics added.) The accusatory pleading includes an indictment, an information, and a complaint filed with a magistrate charging a public offense of which the superior court has original trial jurisdiction. (Pen. Code, § 691, subd. (d).) A "criminal proceeding" has been defined as some authorized step taken before a judicial tribunal against some person or persons charged with the violation of some provision of the criminal law. (*Gibson* v. *County of Sacramento* (1918) 37 Cal.App. 523, 526 [174 P. 935].) Similarly, a preliminary examination is an authorized step taken before a

judicial tribunal by which a party charged with a public offense is accused and brought to trial and punishment. (Pen. Code, §§ 683, 738.) As real party in interest properly notes, a preliminary examination can only be properly conceived as a component proceeding of the criminal action which commences with the filing of a complaint and can continue through superior court proceedings, including trial, resulting in judgment. ▮ Petitioner's preliminary examination occurred at an earlier stage of the same prosecution which remains pending against him in superior court. This is true even though the action now bears a different docket number than the one assigned at the municipal court level.

Code of Civil Procedure section 170.6, subdivision (2) expressly states: "If the motion is directed to a hearing (other than the trial of a cause), the motion must be made not later than the commencement of the hearing. In the case of trials or hearings not herein specifically provided for, the procedure herein specified shall be followed as nearly as may be." This language suggests in the criminal context a peremptory challenge may be exercised at either the preliminary *hearing* or at the *trial* of a criminal action. However, under no circumstances shall a party or attorney be permitted to make more than one such motion in any *one action*. (Code Civ. Proc., § 170.6, subd. (3).)

In light of the relevant statutory provisions, reasonably construed and applied to the facts of the instant case, we conclude petitioner exhausted his one peremptory challenge in the West Kern Municipal Court and Judge Randall properly denied his second disqualification motion in superior court.

II. *Did Petitioner Previously Move for Recusal in Superior Court Case No. 35277?*

▮ Petitioner next contends he never exercised a peremptory challenge pursuant to Code of Civil Procedure section 170.6 in criminal action No. 32577: "Petitioner has never exercised his rights pursuant to CCP 170.6 in the criminal action now pending before respondent . . . . Fact and logic tells us that when, on March 25, 1987, petitioner filed his CCP section 170.6 challenge on Judge Staley in Felony Complaint No. 45642 . . ., petitioner did not stand accused of the public offense of conspiracy to commit murder as set forth in Penal Code sections 182 and 187 . . . . The CCP section 170.6 challenge . . . was filed in a special criminal proceeding (Felony Complaint No. 45642 . . .) separate from that special criminal proceeding which was filed later in time (Felony Complaint No. 45677 . . .). In two successive special criminal proceedings or actions a party may move to

disqualify pursuant to CCP 170.6 in each. [(*Solberg* v. *Superior Court* (1977) 19 Cal.3d 182, 190, fn. 6 [137 Cal.Rptr. 460, 561 P.2d 1148].)]"

As previously stated, petitioner was initially charged with two counts of solicitation of murder in complaint No. 45642. Petitioner was the sole named defendant in that accusatory pleading. The Kern County District Attorney later filed an additional complaint containing the same solicitation counts against petitioner and adding a charge of conspiracy to commit murder. This complaint, No. 45677, additionally named Donna K. Riddle as a codefendant and charged her with one of the solicitation counts and the conspiracy count. During the municipal court proceedings prior to the preliminary hearing, the following exchange occurred:

"MR. BERMAN [defense counsel]: Three counts against both defendants. So that in fact everything that pertains to 45677 would necessarily include 45642.

"MR. SHUMAKER [deputy district attorney]: Yes. I would agree with counsel's comments except I believe only two of the counts in 45677 contain the defendant, Riddle. She was not involved in the solicitation charge of Marsha Soref who was a victim. But Counts 1 and 2 of 45677 are a duplicate filing as to Mr. Le Louis.

"THE COURT: So one of them should be dismissed then if it's a duplicate filing.

"MR. SHUMAKER: Well, it can either be dismissed or the prelims can be heard together, as has been done, and there would be one single information filed.

"MR. BERMAN: I think we should do that, your Honor."

At the conclusion of the preliminary examination, petitioner was held to answer on two counts of solicitation and one count of conspiracy. The district attorney subsequently filed information No. 35277 against petitioner alone, charging him with the three felony offenses for which he had been held to answer. Petitioner filed his peremptory challenge against Judge Staley after the filing of the first complaint (No. 45642) but before the filing of the second complaint (No. 45677). Petitioner contends the two cases were separate and distinct and the fact he may have disqualified Judge Staley in the first case would not have precluded his exercise of that peremptory right in the second case. Thus, petitioner apparently argues the "first case" is now extinct while the "second case" continues and he has yet to exercise his peremptory challenge in the latter case. However, petitioner's counsel recognized below the second complaint supplanted or superseded

the first complaint and the preliminary examination was a unified hearing to determine sufficiency of the evidence to proceed on the three charges pending in the two complaints.

In *Solberg* v. *Superior Court* (1977) 19 Cal.3d 182 [137 Cal.Rptr. 460, 561 P.2d 1148], cited by petitioner, the Supreme Court stated in a footnote: "Subdivision (3) of the statute [Code Civ. Proc, § 170.6] bars any party from making more than one motion 'in any one action or special proceeding'; by negative implication, in two successive actions a party may move to disqualify in each, or may disqualify in the later action without waiving that right by failing to so move in the earlier. The wording of the statute thus appears to foreclose any argument premised on the doctrine of collateral estoppel. (See *People* v. *Taylor* (1974) 12 Cal.3d 686, 691-698 . . . .)" (*Id.* at p. 190, fn. 6.) However, real party in interest points out this observation was made in the context of "a different group of prostitution charges brought against different defendants." (*Ibid.*) The *Solberg* case did not address "whether an amendatory pleading converts a previously filed and pending proceeding into a separate and distinct proceeding by virtue of the failure of the second pleading to bear the identical denomination as the first."

Real party in interest submits the instant case is more akin to *McClenny* v. *Superior Court, supra,* 60 Cal.2d 677. In *McClenny,* petitioner's wife initiated a divorce action in October 1961. Judge John F. McCarthy of the Los Angeles County Superior Court presided at all of the numerous contested hearings in the action. In the 18 months following the filing of the suit, Judge McCarthy rendered decisions relating to alimony, custody and support of the 3 McClenny children, and appointment of a receiver to administer the McClennys' property. In 1962, Judge McCarthy granted wife an interlocutory decree of divorce and awarded her custody of one of the children. Petitioner subsequently moved to modify the custody order and wife filed an order to show cause regarding contempt. Less than one month later, wife filed a second order to show cause regarding contempt based upon petitioner's alleged violations of the receivership order. Petitioner's motion and the two contempt matters were noticed for hearing before Judge McCarthy. Within five days of the time set for the hearing, petitioner moved to disqualify Judge McCarthy pursuant to Code of Civil Procedure section 170.6. Judge McCarthy denied the disqualification motion on the ground the contempt proceeding was a continuation of the original action. Mr. McClenny petitioned the California Supreme Court for a writ of prohibition to restrain Judge McCarthy from hearing the pending contempt proceedings. The court concluded petitioner's notice of motion was not timely, denied the petition for peremptory writ, and discharged the alternative writ.

■ A proceeding is a continuation of the original action out of which it arises if it involves substantially the same issues as the original action. In *McClenny,* the Supreme Court noted the substantial degree of similarity and even identity between the issues to be raised in the pending contempt proceeding and the issues previously presented to Judge McCarthy. Questions involving the interpretation of the orders allegedly contemned and the issue of whether defendant violated those orders were matters necessarily relevant and material to the issues involved in the original action. In domestic relations actions, the courts exercise a continuing jurisdiction over the parties and over the subject matter of the action. The trial court must perform continuing supervisory and enforcing functions and a contempt proceeding is one of the court's two principal means of performing these functions. The court concluded it would impede the administration of justice to hold the contempt proceeding in *McClenny* to constitute a separate and independent action. Further, acceptance of petitioner's position would have permitted litigants to obtain a perpetually fresh forum for testing disadvantageous decisions by repeated cycles of contemptuous acts followed by Code of Civil Procedure section 170.6 motions.

■ Similarly, the superior court proceedings in the instant matter are a continuation of the criminal proceedings maintained in the municipal court. The issues presented were certainly similar if not identical and arose in proceedings which constituted a "criminal action." (See *Pappa* v. *Superior Court* (1960) 54 Cal.2d 350, 352-354 [5 Cal.Rptr. 703, 353 P.2d 311] [retrial of criminal action following declaration of mistrial will not be a new "action" within the meaning of Code Civ. Proc., § 170.6, subd. (3)]; *People* v. *Rojas* (1963) 216 Cal.App.2d 819, 824 [31 Cal.Rptr. 417] [hearing on probation and sentence, while subsequent to trial of the cause, is a part and a continuation of the original criminal action and not a separate proceeding or hearing within the meaning of Code Civ. Proc., § 170.6]; contra, *Waldon* v. *Superior Court* (1987) 196 Cal.App.3d 809, 813-814 [241 Cal.Rptr. 123] [in a murder prosecution, defendant's exercise of peremptory challenge in competency proceedings (Pen. Code, § 1368) did not preclude him from exercising a second peremptory challenge in the criminal action itself; competency proceedings are separate and distinct proceedings from the underlying criminal action].)

Petitioner's argument here is analogous to a situation in which a defendant is arraigned in superior court on two separate informations. He then successfully files a Code of Civil Procedure section 170.6 motion as to the trial judge assigned to try the counts in the first information. The two informations are then consolidated for trial and assigned to a new trial judge. To adopt petitioner's reasoning here, the defendant would then be entitled to file an additional Code of Civil Procedure section 170.6 motion

against the new judge assigned to try the now-consolidated informations. Not so, it is too late. In our view, once the two separate actions were consolidated for trial, they became one for purposes of Code of Civil Procedure section 170.6 disqualification and defendant has already taken, as petitioner puts it, his "one bite of the apple." The same result occurred in the instant case when the two separate complaints were consolidated for preliminary hearing. From that point forward, they became one proceeding for purposes of Code of Civil Procedure section 170.6 disqualification and petitioner had previously exercised his one-time entitlement to a Code of Civil Procedure section 170.6 disqualification. Thereafter, in superior court the matter proceeded as the same "action" and petitioner was precluded from filing a new, additional Code of Civil Procedure section 170.6 motion as to the assigned trial judge. We reach this conclusion keeping in mind our rejection of petitioner's "special proceeding" argument in part I of this opinion.

■ Code of Civil Procedure section 170.6 should be liberally construed with a view to effect its objects and to promote justice. (*Eagle Maintenance & Supply Co.* v. *Superior Court* (1961) 196 Cal.App.2d 692, 695 [16 Cal.Rptr. 745]; Code Civ. Proc., § 4.) However, as the Supreme Court noted in *McClenny* v. *Superior Court, supra,* 60 Cal.2d 677, 689: "We cannot ignore in defendant's position the potentiality for abuse of section 170.6. We cannot permit a device intended for spare and protective use to be converted into a weapon of offense and thereby to become an obstruction to efficient judicial adminstration." ■ Thus, we conclude petitioner was not authorized to exercise one peremptory challenge at the municipal court level and another at the superior court level in the same criminal action. To hold otherwise would create a potential for abuse and an obstruction to efficient judicial administration.

### III. *Did the Filing of Complaint No. 45677 Vitiate the Recusal Motion in Municipal Court Case No. 45642?*

■ Petitioner also contends the filing of felony complaint No. 45677 vitiated the March 25, 1987, peremptory challenge in action No. 45642: "Under the unique circumstances herein presented, petitioner should not be precluded from filing (and the court accepting) a CCP section 170.6 challenge on respondent. When Felony Complaint No. 45677 . . . was filed and defendant was arraigned thereon, petitioner's position vis-à-vis the trial issues and the potential punishment was so substantially altered so as to vitiate the March 25, 1987 CCP section 170.6 filing . . . in Felony Complaint No. 45642 . . . .

"When the position of the accused is so substantially altered it is like 'getting the rug pulled out' from under one's feet. It would seem therefore

that justice would compel that the accused be allowed to step back off the rug as if he never had set foot on it in the first instance, for the government had not only pulled the rug out from under him, it replaced it with quicksand." An accusatory pleading may charge two or more different offenses connected together in their commission or different statements of the same offense or two or more different offenses of the same class of crimes or offenses, under separate counts. If two or more accusatory pleadings are filed in such cases in the same court, the court may order them to be consolidated. (Pen. Code, § 954.) A complaint cannot be amended to charge an offense not attempted to be charged by the original complaint. However, separate counts may be added which might properly have been joined in the original complaint. (Pen. Code, § 1009.) Thus, in the instant case, the district attorney could properly file complaint No. 45677 to add the third count of conspiracy to commit murder.

Petitioner contends the instant situation is analogous to that in *People* v. *Hopkins* (1974) 39 Cal.App.3d 107 [113 Cal.Rptr. 880]. In *Hopkins,* defendant appealed from a judgment of conviction of armed robbery and related offenses following a court trial. The information initially alleged the defendant subjected the victim to suffer great bodily harm at the time of the commission of the armed robbery. When the case was called for trial, defendant waived a jury trial. Sometime later, the court permitted the prosecutor to amend the information to allege specific intent to inflict great bodily injury. At the conclusion of the prosecution case, defendant moved for an acquittal of the armed robbery charge contending (1) the evidence was insufficient to sustain the allegations as amended and (2) the defendant could not be tried on charges which were added after his waiver of a jury trial. The First District Court of Appeal reversed the conviction and sentence under the armed robbery count insofar as they embraced the great bodily injury finding.

The *Hopkins* court concluded the district attorney substantially changed the charges by amendment made after defendant waived a jury trial. The judgment was in error insofar as it augmented the punishment by findings on issues with respect to which the defendant never personally waived a jury trial. The armed robbery count of the information, as originally alleged, subjected defendant to a minimum term of five years if convicted of first degree robbery. The amendment subjected defendant to a potential minimum term of 15 years. The defendant had a right to elect whether to have a jury trial before being subjected to an additional 10-year minimum sentence. The court prejudiced this substantial right by failing to properly arraign him and secure a personal jury waiver on the amended information. The First District said it was immaterial the defendant had notice that factual issues might be the same before and after the amendment and he was

therefore not surprised. Defendant was entitled to know the true consequences of an adverse finding on the facts before he elected to waive a jury.

Trial by jury is an inviolate right guaranteed by the California Constitution. A jury may be waived in a criminal cause by the consent of both parties expressed in open court by the defendant and his or her counsel. (Cal. Const., art. I, § 16.) Generally speaking, if the prosecutor amends a complaint, indictment, or information to charge a new offense or to add a prior conviction or penalty enhancement, this renders a prior jury trial waiver ineffective. New pleadings require a new waiver. (*People v. Walker* (1959) 170 Cal.App.2d 159, 164-166 [338 P.2d 536]; *People v. Luick* (1972) 24 Cal.App.3d 555, 557-559 [101 Cal.Rptr. 252]; *People v. Hopkins, supra,* 39 Cal.App.3d 107, 115-120; Cal. Criminal Law Procedure and Practice, *op. cit. supra,* § 27.11, p. 568.) However, petitioner has not cited and we have been unable to find any case applying the *Hopkins* theory in a Code of Civil Procedure section 170.6 situation. Although a criminal defendant has a constitutional right to a jury trial, he or she does not have an equivalent constitutional right to a peremptory challenge under Code of Civil Procedure section 170.6. Moreover, in our view *Hopkins* is so dissimilar to the instant case that we find no logical support therein for petitioner's contention here.

Nevertheless, petitioner argues: "Real party concedes . . . that petitioner has never used a challenge in the special criminal proceeding number 45677 . . . and, at all times, had it available to exercise if he chose to do so. However, the argument goes, petitioner lost the challenge when it was not exercised in the lower court. This is absurd. Petitioner had available the use of the challenge, never used it, yet somehow lost it? Pray tell, where did it go? The law is not a mystery, the challenge still exists.

"Real party does not argue the point that petitioner's position [vis-à-vis] punishment and potential trial issues was so drastically altered by the filing of the second complaint so as to vitiate the filed challenge in the first. Justice and fair play preclude any such argument."

Again, petitioner's contention overlooks the express language of the relevant statutes. Code of Civil Procedure section 170.6, subdivision (3) states: "Under no circumstances shall a party or attorney be permitted to make more than one such motion in any one action or special proceeding pursuant to this section . . . ." A criminal action is a proceeding by which a party charged with a public offense is accused and brought to trial and punishment. (Pen. Code, § 683.) ▉ A "criminal proceeding" means some authorized step taken before a judicial tribunal against some person or persons charged with the violation of some provision of the criminal law.

(*Gibson* v. *County of Sacramento, supra,* 37 Cal.App. 523, 526.) As we have explained, the term "criminal action" encompasses the accusation, trial, and punishment of a person charged with a public offense. Petitioner elected to exhaust his single statutory peremptory challenge at the accusatory stage in municipal court case No. 45642 and he was precluded from asserting additional challenges at subsequent stages of the same action.

The petition for writ of mandate and/or prohibition is denied and the stay of criminal proceedings below is discharged.

Hamlin, J., and Ardaiz, J., concurred.

Petitioner's application for review by the Supreme Court was denied June 29, 1989.