Daniel DeNARDO, Appellant,

v.

MUNICIPALITY OF ANCHORAGE, Appellee.

No. A–6559.

Court of Appeals of Alaska.

May 30, 1997.

Daniel DeNardo, pro se, for Appellant.

Thane R. Mathis, Assistant Municipal Prosecutor, and Mary K. Hughes, Municipal Attorney, Anchorage, for Appellee.

Before COATS, C.J., MANNHEIMER, J., and JOANNIDES, District Court Judge.*

* Sitting by assignment of the chief justice made pursuant to Article IV, Section 16 of the Alaska

## OPINION

MANNHEIMER, Judge.

Daniel DeNardo was scheduled to be tried in the district court for the Anchorage municipal offense of unauthorized entry. On March 4, 1997, DeNardo appeared for trial call before District Court Judge John R. Lohff. Judge Lohff assigned the trial to himself. The next day, when the parties appeared for trial, DeNardo filed a challenge for cause against Judge Lohff. Judge Lohff denied this challenge. DeNardo then attempted to exercise a peremptory challenge against Judge Lohff, but Judge Lohff denied the peremptory challenge too. DeNardo now appeals the denial of the peremptory challenge. See Appellate Rule 216(a)(2).

Two provisions of Alaska Criminal Rule 25(d) are pertinent to this case. Under Rule 25(d)(2), a party's peremptory challenge of a judge "is timely if filed within five days after notice that the case has been assigned to [that] specific judge". However, Rule 25(d)(5) specifies that, notwithstanding the 5–day time period allowed by (d)(2), "[a] party loses the right [to peremptorily challenge a judge if,] knowing that the judge has been permanently assigned to the case, [the party] participates before the judge in ... any subsequent pretrial hearing ... or the commencement of trial."

The main question presented in this appeal is whether the litigation of a challenge for cause is a "subsequent pretrial proceeding" within the meaning of Criminal Rule 25(d)(5), so that a party who challenges the assigned trial judge for cause is thereafter barred from exercising a peremptory challenge against that same judge. We conclude that the answer is "no".

DeNardo exercised his peremptory challenge of Judge Lohff within the 5–day time period specified in Criminal Rule 25(d)(2). DeNardo was informed at the trial call on March 4th that Judge Lohff would be his trial judge, and DeNardo exercised his per-

Constitution.

emptory challenge the following day, before trial began.

Despite this chronology, the Municipality of Anchorage argues that DeNardo's challenge was untimely. The Municipality points out that, at the trial call, Judge Lohff announced that he would preside over DeNardo's trial, "not hearing a pre-emption". The Municipality contends that the judge's words were, in effect, a directive to DeNardo to either exercise his peremptory challenge immediately or waive it.

We do not interpret Judge Lohff's remark that way. Judge Lohff simply said that he would preside over DeNardo's trial unless one party or the other filed a peremptory challenge. Nothing in Judge Lohff's words called upon the parties to exercise their challenge immediately. Similarly, nothing in Judge Lohff's words indicated that he would not follow the time limit set forth in Rule 25(d)(2) and (d)(5). We thus reject the Municipality's argument that Judge Lohff required the parties to exercise any peremptory challenge before they left the trial call hearing.[1]

The Municipality's next argument is that DeNardo waived his right to challenge Judge Lohff by participating in a substantive pretrial proceeding in front of the judge. The proceeding that the Municipality refers to is DeNardo's attempt to challenge Judge Lohff for cause. In essence, the Municipality argues that any party who challenges an assigned trial judge for cause thereby engages in a "subsequent pretrial proceeding" within the meaning of Rule 25(d)(5) and thus forfeits their right to file a peremptory challenge against that judge.

We reject the Municipality's construction of Rule 25(d)(5) because it is inconsistent with the policy of the rule. As we explained in *Moore v. State*, 895 P.2d 507, 511 (Alaska App.1995), the underlying purpose of the peremptory challenge is to allow a party to disqualify a judge when the party "believes that he or she cannot obtain a fair and impartial trial in front of [that] particular judge", even if the party can not establish "cause"—that is, legal grounds for disqualifying the judge. This policy strongly suggests that if there are potential legal grounds for the judge's disqualification, those grounds should be litigated before the party is called upon to exercise a peremptory challenge.

A similar situation was presented to the California Court of Appeal in *Waldon v. Superior Court*, 196 Cal.App.3d 809, 241 Cal. Rptr. 123 (1987). Waldon challenged a judge for cause, and the challenge was denied. Waldon then filed a "petition for writ of mandate" in the court of appeal (the equivalent of our petition for review), asking the appellate court to disqualify the judge for cause. When the court of appeal denied the writ, Waldon exercised a peremptory challenge against the judge. This too was denied, which brought Waldon back to the court of appeal. The court of appeal upheld Waldon's peremptory challenge:

> The prosecution concedes and we agree that the [peremptory] challenge was timely filed.... To require Waldon to file his peremptory challenge before the [interlocutory] review was completed would effectively deprive him of his right to pursue his challenge for cause.

*Waldon*, 241 Cal.Rptr. at 126.

We, too, conclude that a party's litigation of a challenge for cause should not work forfeiture of a peremptory challenge under Criminal Rule 25(d)(5). As explained above, the purpose of the peremptory challenge is to allow a party to disqualify a judge even when there are no provable legal grounds for the judge's disqualification. Obviously, a party who succeeds in challenging a judge for cause will have no need to peremptorily challenge that judge. By the same token, however, if a party challenges a judge for cause and loses, this fact will often do little to reduce the party's fears that the judge may be unfair. In those circumstances, the pur-

---

**1.** We do not mean to express any opinion on whether a trial judge has the authority to enforce stricter time limitations than the ones specified in Criminal Rule 25(d). *Compare Harbor Enterprises v. Gudjonsson,* 116 Wash.2d 283, 803 P.2d 798, 800, 803–04 (1991) (holding that a trial judge may not enforce a different time limit from the one specified in the peremptory challenge statute).

pose served by the peremptory challenge will be just as strong, if not stronger.

We therefore hold that litigation of a challenge for cause against the assigned trial judge does not constitute "participat[ion] before the judge in [a] subsequent pretrial hearing" for purposes of Criminal Rule 25(d)(5).[2] Because DeNardo had not previously exercised his peremptory challenge, because DeNardo's peremptory challenge was timely under Rule 25(d)(2), and because DeNardo's right of peremptory challenge had not been forfeited by an event specified in Rule 25(d)(5), we conclude that DeNardo was entitled to exercise a peremptory challenge against Judge Lohff.

The decision of the district court is REVERSED. DeNardo exercised a valid peremptory challenge against Judge Lohff, and Judge Lohff is therefore disqualified from further participation in this case. This case is remanded to the district court for further proceedings on the charge against DeNardo.

---

**2.** We recognize that in *Gardner v. State,* 702 P.2d 250, 251 (Alaska App.1985), this court interpreted the phrase "any subsequent pretrial hearing" in Criminal Rule 25(d)(5) as referring solely to pre-trial hearings that occur subsequent to the omnibus hearing. Under this interpretation, DeNardo obviously wins this appeal because his litigation of the challenge for cause did not occur subsequent to an omnibus hearing: indeed, there was no omnibus hearing in DeNardo's case at all. DeNardo was prosecuted for a misdemeanor, and omnibus hearings are rarely held in misdemeanor prosecutions. Because of this difficulty in applying the *Gardner* interpretation to misdemeanors, we are reluctant to base our decision of DeNardo's case on *Gardner.*