Filed 11/18/24  P. v. Turner CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY RICHARDO TURNER,<br><br>     Defendant and Appellant. | A169093<br><br>(Contra Costa County<br>Super. Ct. No. 01001948371) |

Anthony Richardo Turner appeals from a judgment of mental incompetence and a related order of commitment.  (Pen. Code, §§ 1368–1370; undesignated statutory references are to this code.)  He argues the trial court erred by failing to appoint a second expert to assess his competence.  (§ 1369, subd. (a)(1).)  We affirm.

## BACKGROUND

In December 2020, the district attorney charged Turner with driving or taking away a vehicle without consent (Veh. Code, § 10851, subd. (a)); receiving stolen property (§ 496d, subd. (a)); and a variety of prior offense allegations (§§ 666.5, 667, subds. (d)–(e)).  At an August 2023 hearing, Turner made concurrent motions to represent himself (*Faretta v. California* (1975) 422 U.S. 806, 834) and to relieve counsel (*People v. Marsden* (1970) 2 Cal.3d 118).  In response to the trial court's questions about the risks of representing

1

oneself, Turner expressed an understanding of the gravity of the charges and possible sentences, and he noted he would seek and review discovery. But the court expressed concerns as to his competence to stand trial after he made unclear statements about having legal training, that he had "false" records from the Federal Bureau of Investigation about him, and that he was his "own corporation," making him "solvent" and "immune" from his charges. When the court explained the need for an independent assessment of competence by mental health professionals, Turner objected.

The following day, the trial court denied Turner's *Marsden* motion, finding no good cause to excuse and replace his defense counsel.[1] The court declined to rule on his *Faretta* motion and instead referred him for competency proceedings. In response, Turner stated the prosecution had never raised an issue about his competence. Turner acknowledged he had been found incompetent in a previous case but attempted to distinguish those circumstances — being in shock regarding the death of a person — from those at issue here. The court set a date for the initiation of competency proceedings.

At the outset of the competency proceedings before a different judge, Turner's counsel informed the trial court "there is no objection. So we are only requesting one doctor." The court accordingly appointed one expert to assess whether Turner was competent to stand trial and represent himself. The psychiatrist subsequently opined Turner was impaired in his ability to understand the nature and purpose of the criminal proceedings, and he believed certain courtroom procedures were part of a conspiracy against him. At the October 2023 competency hearing, Turner's counsel and the prosecutor

---

[1] Later in the proceedings, different defense counsel nonetheless represented Turner.

2

stipulated that the court could decide the issue of competency based on the psychiatrist's report, which was admitted into evidence. Based on the report, the court found, by a preponderance of the evidence, that Turner was not presently able to assist and cooperate with counsel in presenting a defense, and it suspended the criminal proceeding. The court committed Turner to the custody of the State Department of State Hospitals for a maximum term of two years for treatment.[2] (§ 1370 et seq.)

## DISCUSSION

Turner contends the trial court should have appointed a second expert to assess his competency because the record clearly reflects he was not seeking a finding of incompetence. We disagree.

A person cannot be tried or punished while mentally incompetent. (§ 1367, subd. (a).) Defendants are mentally incompetent if, "as a result of a mental health disorder or developmental disability," they are "unable to understand the nature of the criminal proceedings or to assist counsel in the conduct of a defense in a rational manner." (*Ibid.*) A trial court that doubts a defendant's mental competence to stand trial must suspend the trial at any time prior to judgment and convene a hearing to determine competence. (§ 1368, subd. (a)–(c); *People v. Ary* (2011) 51 Cal.4th 510, 517.) Then, the "court must appoint an expert or experts to examine the defendant." (*People v. Rodas* (2018) 6 Cal.5th 219, 231; § 1369, subd. (a)(1).) "If the defendant or the defendant's counsel informs the court that the defendant is *not* seeking a finding of mental incompetence, the court shall appoint two psychiatrists,

---

[2] On January 17, 2024, the State Department of State Hospitals certified Turner had regained competence, but criminal proceedings have not been reinstated yet. (*People v. Lindsey* (1971) 20 Cal.App.3d 742, 743–744 [appeal challenging order of commitment rendered moot if trial court reinstates criminal proceedings].)

licensed psychologists, or a combination thereof." (§ 1369, subd. (a)(1), italics added.) After examination of the defendant, the statute authorizes a trial for the prosecution and defense to offer evidence, rebut testimony, and make final arguments regarding the defendant's competence. (*Id*. subds. (a)–(e).)

Turner did not inform the trial court he was *not* seeking a finding of incompetence. To the contrary, his counsel stated there was no objection and sought the appointment of one expert. (Cal. Rules of Court, rule 4.130(d)(1) ["[o]n initiation of mental competency proceedings, the court must inquire whether the defendant, or defendant's counsel, seeks a finding of mental incompetence"].) Accordingly, Turner's counsel did not convey he was not seeking a finding of incompetence. (*People v. Robinson* (2007) 151 Cal.App.4th 606, 618 [appointment of one expert appropriate where defendant did not inform the court he was not seeking a finding of incompetence].) And Turner did not say anything to the contrary, despite being present at the initial hearing.

Nor did Turner object when his counsel stipulated to the court deciding the issue based on the expert's report. (*People v. Robinson, supra,* 151 Cal.App.4th at p. 618 [appointing only one expert not error where defendant agreed with expert's report finding competence].) Thus, the court was not required to appoint a second expert. (*People v. D'Arcy* (2010) 48 Cal.4th 257, 281 ["because neither defendant nor counsel expressly informed the court during the competency hearing that defendant was not seeking a finding of incompetence, the trial court was not required to appoint a second mental health expert, and defendant's contention fails"].)

In disputing this conclusion, Turner highlights his statements — made to a different judge during the colloquy regarding his *Faretta* and *Marsden* motions — that he is "not crazy" and objecting to a competency hearing.

Those statements, he argues, informed the court that he was not seeking an incompetency finding and were sufficient to trigger the statutory requirement for a second expert evaluation. Not so. "Competency proceedings commonly are assigned for hearing to a judge different from the one who initiated them by declaring a doubt" — they are "separate and distinct from the criminal action." (*People v. Lawley* (2002) 27 Cal.4th 102, 133; *Waldon v. Superior Court* (1987) 196 Cal.App.3d 809, 813.) On this record, Turner failed to inform the judge presiding over the competency hearing that he was not seeking a finding of incompetence. (*Lawley*, at pp. 133–134.)

Turner's statements made at the conclusion of his competency hearing also do not alter this conclusion. He merely described issues regarding his safety, expressing his belief that the guards and sheriffs in the jail were trying to kill him. He noted that he filed a grievance about this issue, and that he had defended himself many times. We do not read these statements as informing the trial court he was not seeking a finding of incompetence. (*People v. Robinson*, *supra*, 151 Cal.App.4th at p. 618.) On this record, the court appropriately appointed one expert.

## DISPOSITION

The order is affirmed.

_____
RODRÍGUEZ, J.

WE CONCUR:


_____
TUCHER, P. J.


_____
FUJISAKI, J.


A169093; *P. v. Turner*